CITY OF ST. PAUL and another *vs.* JOHN BUTLER and others.

June 14, 1883.

City of St. Paul—Contractor's Bond.—The bond required by Sp. Laws 1881, c. 93, § 9, to be executed to the city of St. Paul by one contracting to do any public work, is to secure payment by the contractor, as they become due, of debts he incurs in hiring labor and purchasing materials for performing his contract with the city; and the condition in the bond executed under that section that the contractor "shall pay all just claims for all labor performed or material furnished for or on account of said contract as aforesaid as they shall become due," is proper.

Party to Action.—The city is not a necessary party to an action on such a bond.

Appeal by defendants from an order of the district court for Ramsey county, *Brill,* J., presiding, overruling their demurrer to the complaint.

*O'Brien & Wilson,* for appellants.

*Warner & Stevens,* for respondents.

GILFILLAN, C. J. Prior to the year 1881, the charter of the city of St. Paul contained provision for a bidder for any contract for public improvements securing the faithful performance of the contract, if let to him, by bond executed to the city. Chapter 93 of the Special Laws of that year, amending parts of the charter, provides, (section 9:) "In addition to the other bonds required by the city charter, and the acts amendatory thereof, of persons contracting with said city to do any work, labor, or furnish any material, before any contract for the doing of any work, labor, or furnishing any material to or for said city shall be binding and valid as against said city, said contractors shall enter into bond with the city of St. Paul, for the use of all persons

who may do work or furnish materials pursuant to any contract between said contractors and said city, conditioned for payment of all just claims for such labor, work, or materials as they become due under said contract," etc.

The defendant Butler entered into a contract with the city for constructing a sewer, and he, with the other defendants as sureties, executed a bond to the city, which specified his contract, and was conditioned that Butler should "pay all just claims for all labor performed or material furnished for or on account of said contract as aforesaid as they shall become due." Butler became indebted to the plaintiff Warner, and to divers other persons who have assigned their demands to him, for materials sold by them severally to Butler, to be used and by him used in constructing said sewer. Plaintiff Warner thereupon brought this action upon the bond, to recover the amount of the several demands.

The city seems to have been joined as a plaintiff, under the notion that it was a necessary party. This was unnecessary, as any of the persons for whose use such bond is taken may sue upon it; the bond being in this respect like some official bonds required for the security of private persons.

Defendants claim the bond to be invalid, because not such as section 9 provides for; that the bond, in effect, is conditioned that Butler will pay his laborers and material-men according to the contracts between him and them, while the condition required by the act is in effect that he will pay the moneys received by him from the city, at the time and in the manner he receives them from the city; and that the purpose of the bond is to enable the city to see that the payments made by it to the contractor are appropriated by him to the payment of his men and for the materials he furnishes. The construction put by defendants on the condition of the bond is correct. It means that Butler will pay his laborers and material-men as he has agreed with them; and this is precisely what the act intends. His agreements with them are the basis and measure of the "just claims" he is to pay. Without such agreements, whom he is to pay, how much he is to pay, and when he is to pay,—in other words, what are "just claims, "and when they become due,—cannot be ascertained. His con-

tract with the city furnishes no clue to them, nor do any of his laborers or material-men have any claim against him by reason of that contract, although, it is true, their contracts with him must be for the purpose of his performing that contract.   The bond is to be for their security, their use, not the security of the city; it is not for its use. It is to insure payment, not of any debt of the city, but of his debts, accrued under his contracts of hiring laborers and purchasing materials for performing his contract with the city,—debts which do not become due under any terms in that contract.   The act, it is true, is in some particulars awkwardly worded with reference to the meaning we derive from it, but it is the only meaning consistent with the entire section and its manifest general purpose, to wit, security to laborers and material-men who furnish labor and material to enable the contractor to carry out his contract with the city.   But the language would be still more unfortunate if it were intended to express what defendants claim, to wit, that the contractor shall merely appropriate the moneys paid him by the city under the contract in satisfaction of claims for labor and materials.

Order affirmed.