M. C. GRIFFIN *vs.* LOWELL CHADBOURNE and another.

CHARLES HAIGH *vs.* SAME.

May 31, 1884.

Lien on Logs—Requisites of Claimant's Statement.—The statement required by Gen. St. 1878, *c.* 32, § 64, to preserve a lien on logs, if not made by the claimant, must be made by some one with authority from him to make it, and the oath should state such authority.

Same—Assignment—Filing for Record.—If an assignment of a lien on logs is not filed for record in the surveyor general's office, the assignee cannot proceed to enforce the lien.

Same—Enforcing Lien—Attachment.—The lien cannot be enforced unless the logs are attached as provided in that chapter.

Appeal, in each case, by the plaintiff from a judgment of the district court for Hennepin county, *Young,* J., presiding.

*John H. Long* and *Robinson & Bartleson,* for appellant in each case.

*Chas. D. Kerr* and *J. L. Brady,* for respondents in each case.

GILFILLAN, C. J.[1] These actions were brought to recover for manual labor performed in driving, towing, and cribbing certain logs, and to enforce the amount due as a lien against the logs. They were brought against Lowell Chadbourne and Fred. McLellan, for whom the labor was performed; and afterwards Charles Chadbourne, the owner of the logs, intervened and defended against the claim for a lien. The court below rendered judgment for the debts, but did not adjudge the amounts found due a lien. The plaintiffs appeal.

The plaintiff Griffin did not file for record in the surveyor general's

---

[1] Dickinson, J., because of illness, took no part in this decision.

office a statement for a lien, as required by Laws 1876, *c.* 89, § 2, (Gen. St. 1878, *c.* 32, § 64.) A statement of that claim was filed for record by one J. G. Griffin, but it does not appear that he did so on behalf or by the authority of the plaintiff. The claim of plaintiff Haigh consists of two accounts,—one for labor performed by himself, the other for labor performed by one Brackett, assigned to him. A statement of each account was duly recorded in the office of the surveyor general, but the assignment was not. No attachment to seize the logs was issued in either action.

Section 63 (of chapter 32, Gen. St. 1878) provides who shall be entitled to a lien, and that it shall take precedence of all other claims on the logs. Section 64 provides that no debt or claim or demand shall remain a lien unless a statement thereof in writing, "under oath, by claimant, or some one in his behalf," shall be made and filed for record in the office of the surveyor general of lumber in the district where the logs may be, which, among other things, must contain a description of the logs; and unless suit shall be commenced for the recovery and enforcement of such claim or demand, under the provisions of the act, within three months after the filing of the statement, the lien shall cease. Section 75 requires any assignment to be filed for record; and section 74, that the surveyor general shall record all such statements and assignments, and all writs and returns and certificates of sale mentioned in the act. Sections 65 to 70, inclusive, and section 73, regulate the proceedings to the execution and sale.

Section 65 provides that any person having a lien upon any logs or timber may enforce the same by attachment against such logs or timber in the district court in the judicial district wherein the mark of the logs or timber is or should be recorded, in manner prescribed by title 9, chapter 66, Gen. St., so far as applicable. The attachment issues upon affidavit setting forth the lien and describing the logs, (section 65,) and without bond, (section 67,) and thereafter (to wit, after the attachment) "said claim shall be prosecuted in the manner provided for the prosecution of civil actions in the district court." Section 66 directs that the attachment shall require the officer to attach and safely keep the property described in the affidavit, or so much thereof as may be necessary, and directs what the officer shall do in execu-

tion of the writ. Section 67 provides that the defendant, or any person who may apply and be admitted to defend, may release the property upon giving bond to pay the judgment recovered. Section 68 provides: "In all suits under the provisions of this act, the person, company, or corporation liable for the payment of such debt or claim shall be defendant; but any person having an interest in or lien upon the logs or timber upon which the lien is claimed, may apply and be admitted by the court, so far as necessary to protect his rights in the premises." Section 69 provides what findings shall be made on the trial, what judgment entered, and the form of execution to enforce the lien, if adjudged. If no lien is adjudged, judgment as in other civil actions is rendered. If a lien is adjudged, the judgment shall declare the extent of it; and if the property has not been released, execution directs the logs, or so much as necessary, to be sold, and, if the property has been released, judgment for the amount of the lien goes against all persons liable on the bond. In case of such release, the bond is substituted for the property. Section 73 relates only to pleading. Section 70 declares that the sale, when had, shall vest in the purchaser an absolute title to the logs.

The provisions for securing and enforcing these liens, though simple, are explicit, and in all essential particulars must be complied with. *Farmers' Bank* v. *Winslow*, 3 Minn. 43, (86;) *McCarty* v. *Van Etten*, 4 Minn. 358, (461;) *Clark* v. *Schatz*, 24 Minn. 300; *Rugg* v. *Hoover*, 28 Minn. 404. The filing for record of the statement required by section 64, and of assignments, as required by section 75, is essential. Those requirements are in harmony with the general theory of the chapter, that whatever affects the title or incumbers logs shall be recorded in the office of the surveyor general. Section 17. It is intended that the records in that office shall exhibit the exact state of the title. The statement must be "under oath, by claimant, or some one in his behalf." The purpose of it is to express the claimant's intention to insist upon the lien. A stranger without any authority from the claimant cannot legally express that intention. When the statement is made by another than the claimant, the oath should state that it is done by his authority, so that the record may appear to be of legal effect. In the *Griffin Case*, the lien was lost by failure

to comply with this provision, and, in the *Haigh Case*, the lien for the claim of Brackett could not be enforced, for the reason that the assignment to Haigh was not filed for record.

But a more important question, and the one principally argued, arises from the fact that the plaintiff did not attach the logs. The statute creates the right to the lien, and assumes to provide a mode of enforcing it; and—according to the familiar rule that where a statute creates a right, and provides a method in which it may be enforced, the statutory remedy is exclusive, *City of Faribault* v. *Misener*, 20 Minn. 347, (396,)—that mode, however inconvenient or defective, is the only one open to the claimant.

The plaintiffs argue that the language of the section (65) giving the attachment, being permissive in form,—"may enforce the same by attachment against such logs and timber,"—it is optional with the plaintiff to attach the logs and hold them to abide the judgment, or, without attaching, to proceed to judgment against them. In other words, that the attachment is given (as in other cases of attachment) merely as security for the judgment that may be rendered. The language of the sections we have referred to (sections 65 to 70, inclusive, and section 73) does not suggest that interpretation. It is nowhere said that the lien may be enforced by the action mentioned, nor in any other mode than "by attachment," and, unless we are prepared to say that the legislature attempted to do what it had no power to do, to wit, to vest authority in the court to adjudicate upon the rights and interests of persons in property, without getting jurisdiction either of the persons or property, we must hold that no other mode of procedure to enforce the lien than by attachment was contemplated. For the lien adjudged is to take precedence of all other claims, (section 63;) the sale under the judgment cuts off all rights, interest, and claims in or to the logs, and passes the title discharged therefrom, (section 70;) but the action provided (section 68) is not to be brought against the owners of or persons interested in the logs. It is to be brought against the person liable for the payment of the debt, without regard to his relation to the property, and whether he has any interest in it or not. It is merely a personal action to recover the debt. It becomes one analogous to an action *in rem* to adjudi-

v.32—9

cate on the *status* of the property, only when the property has been seized on the attachment. This is the only means provided for extending the jurisdiction of the court over the property, or over the interests which the judgment declaring a lien is to bind. To enforce the lien, therefore, the property must be brought "by attachment" within the jurisdiction, and no lien can be adjudged without it.

Judgment affirmed.

[1] Dickinson, J., because of illness, took no part in this decision.