WALTER S. MORTON *vs.* JAMES B. POWER and another.

July 8, 1885.

33 521
40 148

33 521
45 353

33 521
53 449

33 521
63 108

**St. Paul — Board of Water Com'rs an Agent of the City, and not a Corporation—Contracts of Board.**—Under Sp. Laws 1881, c. 188, as amended by Sp. Laws 1883, c. 75, the board of water commissioners of St. Paul is invested with authority to make contracts with reference to the water-works in its own name, as the representative of the city. This is not the creation of a corporation within the inhibition of section 2, art. 10, of our constitution. The contracts which the board is thus authorized to make are, in effect, made *with* as well as *for* the city.

**Same—Contractor's Bond to Board to Secure Laborers, etc.**—Sp. Laws 1881, c. 93, which requires contractors for doing any work or furnishing any materials to or for said city, to enter into a bond with the city for the use of all persons who may do work or furnish materials pursuant to any such contract, is applicable to the case of a contract made by the board of water commissioners in its own name, within the scope of its author-

ity, in reference to the water-works, and the bond may be taken by the board in its own name.

**Same—Who may sue on the Bond.**—*City of St. Paul* v. *Butler*, 30 Minn. 459, followed upon the point that an indemnified party may maintain an action upon such bond in his own name without joining the board or city.

By Sp. Laws 1881, *c.* 188, approved February 10, 1881, there was created the board of water commissioners of the city of St. Paul. On April 15, 1884, this board made and entered into a contract with the firm of Hough & Gear for the construction of a portion of the line of conduit of the water-works of the city. At the same time, and as a part of the same transaction, Hough & Gear, as principals, and these defendants, as sureties, made and delivered to the board their bond in the sum of $25,000 running to "the board of water commissioners of the city of St. Paul," conditioned that if Hough & Gear should fully perform their contract, and should "also, in addition, pay all just claims for all the labor and work performed or material furnished for or on account of said contract as aforesaid, as the same shall become due, and save said board harmless as against any such claims or demands," then the same should be void, otherwise in full force, which bond was duly approved by a judge of the district court for Ramsey county. After the delivery and approval of this contract and bond, the plaintiff sold and delivered to Hough & Gear certain material to be used and which was used in the performance of their contract and which has not been paid for.

The plaintiff, alleging in his complaint the above facts, brought this action in the district court for Ramsey county, to recover the value of the material so furnished. Defendants appeal from an order by *Brill,* J., overruling a demurrer to the complaint.

*R. B. Galusha* and *C. K. Davis,* for appellants.

*Young & Lightner,* for respondent.

BERRY, J. By Sp. Laws 1881, *c.* 188, provision is made for the acquisition of the property and franchises of the St. Paul Water Company by the city of St. Paul, which is thereupon authorized to take and convey from the sources of supply used by said company, or which it is empowered to use, and from any other source, sufficient water to supply the city of St. Paul for all purposes. As

amended by Sp. Laws 1883, *c.* 75, the act further provides that all authority thereunder (except as otherwise ordered) shall be exercised by a board of commissioners, to be known as the board of water commissioners, who may sue and be sued, appear and prosecute to final judgment, in any court or elsewhere, in the name of said board, and may *have a common seal,* and alter the same at pleasure. Section 4. Also, that the board may prosecute any action in its own name against any person or persons for money due for water; for the breach of any contract, express or implied, touching the *execution* or management of the works or distribution of water, or of any *promise or contract made to or for them,* and also for any injury or trespass to the water-works. Section 6. Also that the *board* may extend the water-works, etc., so as to furnish a full supply of water to the inhabitants of the city. Section 9. Many other provisions are found in the act conferring upon the *board* authority to improve, enlarge, perfect, control, and manage a system of water-works for the city; and, in particular, section 5 enacts that "all *contracts and engagements,* acts and doings, *of the said board,* within the scope of their duty or authority, shall be obligatory upon and be in law as binding as if done by the common council of said city."

In our judgment, these provisions of the act referred to clearly invest *the board of water commissioners* with authority to make contracts with reference to the water-works in its own name, as the representative of the city. That this is not the creation of a corporation within the inhibition of section 2, article 10, of our constitution, has been recently, in effect, determined by this court in *State* v. *District Court of Hennepin Co., ante,* 235; and see *City of St. Paul* v. *Seitz,* 3 Minn. 205, (297.) The contracts which the board is thus authorized to make, though made in the name of the board, are made by it as the representative and agent of the city, and therefore they are, in substance and effect, made *with* as well as *for* the city.

Sp. Laws 1881, *c.* 93, which is an act amending the charter of St. Paul, provides (§ 9) "that before any contract for doing any work, labor, or furnishing any material to or for said city shall be binding and valid as against said city, said contractors shall enter into bond with the city of St. Paul, for the use of all persons who may do work or

furnish materials pursuant to any contract between said contractors and said city, conditioned for payment of all just claims for such labor, work, or material as they become due under said contract." From what we have before said it follows that this provision is applicable to the case of a contract made by the board of water commissioners, within the scope of its authority, in reference to the city water-works. Such contract is a contract *for the city*, notwithstanding it may be made in the name of the board; and so a bond which the board may take in its own name, under the provision cited, for the indemnity of sub-contractors, is a bond *with the city*, within the legitimate meaning of the law.

That the indemnified party may maintain an action upon such bond in his own name, without joining the city or the board, is settled by *City of St. Paul* v. *Butler*, 30 Minn. 459.

To the contention that the *provision* quoted from the law amending the city charter is not applicable to the *act* creating the board of water commissioners, as the two relate to distinct subjects, we answer that, irrespective of the fact that the *provision* was passed by the legislature *after* the passing of the *act*, both are properly and in fact to be regarded as parts of the same common charter, relating, as both do, to the rights, powers, duties, and obligations of the city, and nothing appearing in either to the contrary.

Order affirmed.