STATE BANK OF DULUTH *vs.* JAMES E. HENEY and others.

January 31, 1889.

**Duluth—Contractor's Bond to Pay Laborers.—**A provision in the charter of the city of Duluth requiring contracts for street improvements to contain an agreement by the contractors to pay for all labor and materials furnished, and that a bond be executed by such contractors to the city, conditioned, among other things, for such payment, construed as intended to secure the payment of those furnishing labor or materials to the contractor.

**Same—Construction.—**A contract and bond executed to the city pursuant to the charter construed in like manner.

**Same—City and not Laborers may Sue.—**The charter providing that in case of default to fulfil the terms of such a contract, the city (the obligee) might maintain an action upon the bond and recover judgment for all damages sustained in the premises, *held*, that such remedy was exclusive, and that laborers whom the contractor had failed to pay could not maintain an action on the bond in their own names.

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns*, J., presiding, sustaining a demurrer to the complaint, interposed by the defendants James D. Ray and John R. Carey, the sureties in the bond sued on.

*Edson, Warner & Hanks*, for appellant.

*Ensign, Cash & Williams*, for respondents.

DICKINSON, J.[1]  The legislative act of incorporation of the city of Duluth (Sp. Laws, 1887, *c.* 2, *subc.* 5, § 5) requires that, upon the awarding of a contract by the city for (among other things) the grading of streets, the contractor "shall furnish to the city of Duluth a bond, with sufficient sureties,  *  *  *  conditioned that he shall execute the work for the price mentioned in his bid, and according to the plans and specifications; and said bond shall contain a further condition that he shall pay for all labor done and materials furnished upon said improvement; and the contract to be executed shall also contain a covenant or agreement to pay for all labor done and materials furnished upon said improvement.  In case of default on his or their part to execute and fulfil the terms of the contract, and perform the work, said bond may be sued and judgment recovered therein by the said city for all damages sustained in the premises, in any court having jurisdiction of the amount."  The defendants Heney and Derby entered into a contract with the city, by the terms of which they agreed " to furnish at their own proper cost and expense, and pay the same for all the necessary materials and labor, and. build in a good, firm, and substantial manner, the grading" of a certain street.  The obvious import of this is that the contractors agree to furnish at their own expense, and to pay for the same, all the necessary materials and labor for, and to do the work of, grading this street.  The specifications, which were a part of the contract, also contained the provision that the contractors should execute a bond, in such sum and with such sureties as should be approved by the board of public works, " for the faithful performance of this contract, and for the payment in full of all claims contracted thereunder.  *  *  * "  In pursuance of the above-recited statute, the de-

---

[1]Mitchell, J., took no part in this decision.

fendants Heney and Derby as principals, and the other defendants, Ray and Carey, as sureties, executed to the city of Duluth their bond in the sum of $2,000, conditioned that the said principals should perform all the terms and conditions of the said contract on their part, and should indemnify and save harmless the said city, as therein stipulated, "and satisfy all creditors under said contract." In the course of the performance of the contract the contractors employed certain laborers thereon, for whose labor they neglected to pay. These persons assigned their several causes of action to this plaintiff. This action is brought to recover upon the bond for such services. The court below sustained a demurrer, interposed by the sureties to the complaint, and the plaintiff appealed.

Two questions are thus presented for our consideration: *First,* is the bond to be construed as intended to secure the payment of laborers employed by the contractors in the performance of their contract? and, *second,* if so, may they maintain an action upon the bond, they being strangers thereto? The purposes contemplated by the legislative requirement as to the bond to be given were not merely to secure the city in respect to the accomplishment of the work contracted for, and to protect it from liability on account of the acts or omissions of the contractors. The "further condition," specified in the act, as to payment for *all* labor done and materials furnished, must be regarded as intended to secure those doing labor or supplying materials for the contractors, even though there might be no responsibility on the part of the city to them. Indeed, there could be no such responsibility on the part of the city for the debts of the contractors, and hence no necessity for indemnity to the city on that account. On the other hand, such creditors of the contractors would be without the protection which such persons might generally secure under our lien law, where the contract is between private parties; and this suggests a reason for this requirement of the law in their favor. In the light of this statutory requirement for the benefit of laborers and materialmen, and of the terms of the contract executed thereunder, we are of the opinion that the bond must be deemed to have been intended to secure payment of laborers' wages. The agreement which the bond is given to secure obligates the contractors to pay such wages, and a

condition of the bond is that the contractors shall perform all the terms of the contract, and "satisfy all creditors under said contract."

It does not, however, necessarily follow that such beneficiaries may maintain an action on the bond in their own names. We deem it unnecessary to determine the conditions which, in general, may enable a stranger to a contract, who is beneficially interested in the performance of it, to maintain an action upon it. There is much confusion and uncertainty in the American decisions upon the subject. We think that the statute pursuant to which this bond was given does not contemplate an action by third parties for a breach of the conditions of the bond, but only by the obligee, the city of Duluth. This special legislation may be read in the light of the general statute authorizing a person with whom or in whose name a contract is made for the benefit of another to sue thereon alone as a trustee of an express trust. Gen. St. 1878, c. 66, § 28. It was unnecessary for the legislature to specially authorize the city to prosecute an action upon a bond running to it alone; and still more plainly unnecessary was this if the intent of the legislature was only to authorize the city to sue for such breaches of the conditions of the bond as directly affected the interests of the city. Therefore the specific provision of this law, that in case of default to execute and fulfil the terms of the contract (one of the required terms of which is that the contractor shall pay for all labor and materials) the city may sue on the bond, and judgment be recovered "for all damages sustained in the premises," is the more significant of an intention that such is the only remedy contemplated. We are of the opinion that the case is within the general principle applicable where a statute creates a right, and at the same time provides a specific and adequate remedy for its enforcement, in which case that remedy is generally deemed exclusive. *City of Faribault* v. *Misener*, 20 Minn. 347, (396;) *Allen* v. *Walsh*, 25 Minn. 543; *Griffin* v. *Chadbourne*, 32 Minn. 126, 129, (19 N. W. Rep. 647.) This case is distinguishable from *City of St. Paul* v. *Butler*, 30 Minn. 459, (16 N. W. Rep. 362,) and *Morton* v. *Power*, 33 Minn. 521, (24 N. W. Rep. 194.) The order sustaining the demurrer to the complaint is affirmed.