Mathias Breen, Executor, *vs.* Patrick H. Kelly, impleaded, etc.

### February 13, 1891.

County—Power to Take Bond for Use of Third Persons.—A county
has not, unless expressly authorized by law, power to take a bond for the
security or benefit of third persons, and such a bond, though voluntarily
executed, is void.

Action brought in the district court for Ramsey county on the
bond considered in the opinion.  Trial before *Kerr*, J., (a jury being
waived) and judgment of $381.35 ordered and entered for plaintiff,
from which the defendant Kelly, one of the sureties, appeals.

*W. S. Moore*, for appellant.

*Munn & Boyesen*, for respondent.

Gilfillan, C. J.   The action is upon a bond purporting to be ex-
ecuted by the defendants to the county of Hennepin, "for the use of

all persons who may do work or furnish materials pursuant to the contract for the erection of the foundations of Lake-Street bridge, * * * to be paid to the said county of Hennepin or assigns, for the said use," the condition of which is that the contractor "shall save and secure the county of Hennepin harmless, and shall pay all just claims for all work done and to be done, and all materials furnished and to be furnished, pursuant to said contract, and in the execution of the work therein provided for, as they shall become due hereafter." The claim in the complaint is for work done and materials furnished by plaintiff's testate for the contractor in the work mentioned in the bond. So far as the bond was for the security of the county alone, the plaintiff can have no concern in it. He must base his claim on it upon the theory that it was a contract made by the county for his testate's benefit. As such, the appellant claims that the county had no authority or capacity to make it.

When a municipal corporation has authority to do or cause to be done certain work, and make contracts for the doing of the work, it has, probably, implied authority to take security for and on account of the doing of the work,—authority to protect itself in the premises; for it may be presumed the legislature intended it to have that power, as incidental to the power expressly granted. But no power to take security for third persons, nor capacity to make contracts expressly for their benefit, can be implied. To enable a municipal corporation to take such security or make such contracts, it must have direct authority from the legislature, the source of all its powers. No such power is granted to the county of Hennepin by the act authorizing the work mentioned in the bond; none is to be found in the general law granting powers to counties. The plaintiff can recover on the bond, his testate not being a party to it, only as upon a contract made for his benefit between parties having legal capacity to make it, which was not the case with the obligee named in the bond. The case is different from several which have been in this court, such as *City of St. Paul* v. *Butler,* 30 Minn. 459, (16 N. W. Rep. 362;) *Morton* v. *Power,* 33 Minn. 521, (24 N. W. Rep. 194;) *State Bank of Duluth* v. *Heney,* 40 Minn. 145, (41 N. W. Rep. 411,)—in each of which the municipal corporation was expressly authorized to take

the bond sued on. In all the cases referred to by the respondent, contracting capacity of the parties to the bonds or contracts existed. In many cases irregular bonds, such as were intended to be official, but which were not, because not authorized by law, or because executed to the wrong person, have been held good as common-law bonds. An instance is furnished in *Thomas* v. *White*, 12 Mass. 367, where a bond ran to a judge of probate, he not being authorized to take such a bond. The court, after holding it extra-official, said of it: "It is undoubtedly good at common law; for the obligor has by his deed consented to make the obligee trustee for the persons interested in the sum secured." But in all such cases the obligee had capacity to take a common-law bond—to assume the duties of a trustee. The cases referred to in the supreme court of the United States were actions on official bonds, in which were inserted obligations beyond what the statute regulating such bonds required, and they were held good, all the cases following the decision in *U. S.* v. *Tingey*, 5 Pet. 115, in which it was decided that the United States have in their political capacity, as incident to the general right of sovereignty, a right to enter into a contract or take a bond, though not previously provided for by law; that the right to take such a bond is an incident to the duties belonging to the particular department; and the United States being authorized in a political capacity to take the bond, and the obligor having voluntarily executed it, there was no objection to its validity in a moral or legal sense. The power of a sovereign to contract does not depend on any act of its legislature. But the power of a creature of the legislature, a municipal corporation for instance, depends wholly on the action of the legislature to which it owes its existence.

There is no room for estoppel in the case. If the fact that the execution of the bond was voluntary would make it valid, there might be an estoppel. But there could be none as to the capacity of the county to take the bond; for that is a matter of law.

Judgment reversed as to the appellant.