# WATEROUS ENGINE WORKS COMPANY v. VILLAGE OF CLINTON.[1]

March 4, 1910.

Nos. 16,455—(173).

**Municipal Corporation — Bond of Contractor.**

   Municipal corporations of this state are authorized by statute to take

[1] Reported in 125 N. W. 269.

---

[Note]  Implied power to incorporate in contractor's bond requirement that contractor shall pay laborers and materialmen, see note to Denver v. Hindry (Colo.) 11 L.R.A.(N.S.) 1028.

from contractors for public improvements bonds to secure those who furnish labor or materials towards the completion of the contract.

**Same — Smaller than Required by Statute — Validity.**

A bond so executed and properly conditioned, but in which the penalty is less than the amount required by the statute, is valid, and one who is unpaid for work or material furnished by him pursuant to the contract may maintain an action upon the bond.

**Same — Defense to Action.**

The execution of such a bond, where it does not appear that the plaintiff has been damaged because the amount named in the bond is less than the statutory requirement is a sufficient defense in an action under the statute against the municipality.

Action in the district court for Big Stone county to recover $596.07 (the amount of plaintiff's unpaid judgment against Richard H. Chapman, senior, for material furnished the latter) for failure to require of Chapman a contractor's bond under Laws 1901, c. 321, he being insolvent. The answer alleged that, if any valid contract was ever made between defendant and Chapman and a bond given either as therein alleged or otherwise, plaintiff was by such bond amply protected, but that plaintiff had forfeited all rights thereunder by failure to give notice to the principal and sureties on that bond, as required by law, and by neglect to commence action thereon within the time limited by statute, by reason of which neglect it had forfeited not only its own right upon said bond, if any existed, but also the right of defendant to be reimbursed against the sureties thereon. The reply was a general denial. The case was tried upon stipulated facts before Flaherty, J., who found in favor of plaintiff. From the judgment entered pursuant to the findings, defendant appealed. Reversed and new trial ordered.

The recital of the bond mentioned in the opinion was as follows:

"Whereas the said R. H. Chapman, Sr., has entered into a certain contract with the village of Clinton, a municipal corporation in the county of Big Stone and state of Minnesota, to sell all necessary material and machinery for the erection, construction and building an extension to the waterworks in said village of Clinton, and to con-

struct, erect and build the same and to furnish all work, labor, skill, material and machinery therefor, and to pay for all of said labor performed and skill, material and machinery furnished in the execution of said contract, and also to save the said village of Clinton harmless from any cost, charge and expense that may accrue on account of the doing of the work specified in said contract, and also to complete said contract according to the terms thereof and at the price therein stipulated, to wit, $6,300, and to comply with all the requirements of law."

*Cliff & Purcell,* for appellant.

The statute under consideration requires that there shall be embodied in this bond what may be termed, for all essential purposes, two disconnected bonds or contracts, viz.: the bond or obligation to the corporation conditioned for the faithful performance of the conditions of the contract and the holding of the obligee, the municipal corporation, harmless from any costs or damage resulting from the failure to comply with the terms of the contract. In this part of the bond a given penalty may properly be fixed beyond which the obligation of the obligor or sureties does not extend. This class of bonds is in conformity with the bond usually taken before the act in question was passed. By the passage of the act a second and different obligation was added to the bond, viz.: An obligation to pay all claims for all work and labor performed and all skill and material furnished in the execution of contract. From the requirements of the statute it is impossible that there could be any limitation to the penalty so far as the obligation to the creditors of the contractor is concerned. Any security short of this obligation is a failure to meet the requirements and purpose of the act.

Bonds similar to the one under consideration executed in accordance with similar statutes have been before the courts of other states and have received the construction here contended for. Griffith v. Rundle, 23 Wash. 453; Bettman v. Cowley, 19 Wash. 207, 218; U. S. v. Burgdorf, 13 App. Cas. (D. C.) 506; U. S. v. Rundle, 100 Fed. 400; U. S. v. National S. Co., 92 Fed. 549, 552; Stevenson v. Monmouth Mnfg. Co., 84 Fed. 114; 28 Cyc. 1040, 1041, and note.

These cases further hold that bonds of this character are given in pursuance of the statute, and in conformity therewith, and the act becomes a part of the contract and must be construed with the bond.

Bonds of this kind are generally held to contain separate and distinct obligations, and the obligations to parties furnishing labor and material cannot be affected by any act of the principal to the contract. Steffes v. Lemke, 40 Minn. 27; Kaufmann v. Cooper, 46 Neb. 644; Conn v. State, 125 Ind. 514.

Even though the penalty named in the bond is less than that prescribed by the act, the amount of penalty in the bond is a mere limitation and not material to the validity of the bond. Noble v. Hemo (Neb.) 10 N. W. 499.

*Edward P. Sanborn,* for respondent.

Where the authority to take a bond is derived wholly from a statute prescribing its amount and conditions, if it be taken for a different amount, or with other conditions, it is void as a statutory bond. Howard v. Brown, 21 Me. 385; Pease v. Norton, 6 Greenl. 229; McIntyre v. White, 6 Miss. 298; Amos v. Allnutt, 10 Miss. 215; Janes v. Langham, 29 Tex. 413; Mays v. Lewis, 4 Tex. 1; Shuttleworth v. Levi, 76 Ky. 195; Whisett v. Womack, 8 Ala. 466; Biene v. Steamboat, 2 Ala. 738, 743.

Section 4 of chapter 307 of the Laws of 1897, clearly indicates that the amount of the bond required under our statute is material, and that it limits the maximum liability of the sureties. For it provides that, in an action by any person upon the bond, any party who has a cause of action upon it may be made a party to the action, including the obligee, and that the rights of all parties shall be determined in such action and the amount realized shall be distributed pro. rata in discharge of the claims of such parties.

The liability of a surety cannot be extended by implication beyond the precise terms of his bond. It cannot be extended by construction. Simonson v. Grant, 36 Minn. 439; Tomlinson v. Simpson, 33 Minn. 443; Cushing v. Cable, 48 Minn. 3; Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 190; 1 Brandt, Suretyship, §§ 92, 93.

A materialman cannot maintain an action on a contractor's bond

running to the owner conditioned to pay for all materials and labor furnished in the performance of the contract, because there is no privity of contract between the materialman and the obligee in the bond. Union Railway Storage Co. v. McDermott, 53 Minn. 407; Jefferson v. Asch, 53 Minn. 446; Kramer v. Gardner, 104 Minn. 370; Jones v. Villegas (Tex.) 28 S. W. 558; Parker v. Jeffery, 26 Ore. 186; State v. Hinsdale-Doyle, 117 Ind. 476; Electric v. U. S., 110 Wis. 434; National Bank v. Grand Lodge, 98 U. S. 123.

The village could of course take a common law bond for its own use and protection, as it did do. But any bond it took, or attempted to take, for the use of others which was not in express terms authorized by the statute, is void as between the sureties and such others, and cannot be enforced by any person furnishing labor or material. Breen v. Kelly, 45 Minn. 352; Park Bros. & Co. v. Sykes, 67 Minn. 153; Kansas City v. Thompson, 120 Mo. 218.

O'BRIEN, J.

The village of Clinton made a contract with R. H. Chapman, Senior, extending its water system, for the contract price of $6,300. Chapman, as principal, and six sureties, executed a bond to secure the performance of the contract, which provided that the principal and sureties were "held and firmly bound unto the village of Clinton, located in Big Stone county, Minnesota, in the sum of three thousand five hundred dollars, * * * to be paid to the said village of Clinton. * * *

"Now therefore, if the said R. H. Chapman, Sr., * * * pays for all of said work and labor performed and skill, material, and machinery furnished, and pays as they become due all just claims for all work and labor performed and skill, material, and machinery furnished in the execution of said contract, * * * then the above obligation to be null and void; otherwise, to remain in full force and virtue."

The statute in force required a municipal corporation, when making a contract for work or labor, to take from the contractor a bond for the use of the corporation, "and also for the use of all persons who may perform any work or labor or furnish any skill or material

in the execution of such contract, conditioned to pay as they become due all just claims, * * * which bond shall be required by said corporation from said contractor and shall be in an amount not less than the contract price agreed to be paid for the performance of such contract, * * * any of said corporations which neglect to require a bond as herein provided, shall be liable to any person doing any work or labor or furnishing any skill or material under said contracts to the extent of any loss they may incur by reason of said neglect."

The plaintiff furnished material to the contractor, who subsequently became insolvent; a judgment against him for the balance of the purchase price of material remaining unpaid. The plaintiff brought this action against the village for the amount of that judgment, basing its claim to recover from the village upon the ground that it had failed to exact the bond required by the statute.

It is said, because the statute required a bond to be in an amount equal to the contract price, $6,300, and the one given being only for the sum of $3,500, it was not a statutory bond; also, as the bond failed to recite that it was executed for the benefit, not only of the village, but of all persons who might do work or furnish materials pursuant to the contract, the plaintiff was a stranger to the bond and could maintain no action upon it; further, that the village had no authority to accept any bond except the statutory one, and therefore the bond was a nullity as to plaintiff, which has, therefore, been damaged in the manner because of which the statute authorizes this action. The court below found for the plaintiff, holding the defendant had failed to comply with the statute in accepting a bond in an amount less than the contract price. This appeal is from the judgment entered upon the findings in favor of the plaintiff.

1. The original statute under which this action was brought was chapter 354, Laws 1895, amended by chapter 307, Laws 1897, again amended by chapter 321, Laws 1901, and carried into the Revised Code by sections 4535–4539, R. L. 1905. A cause of action against a municipality is given one furnishing labor or material to a contractor towards the completion of a contract which he has with the municipality only when such person is damaged by reason of the

failure to exact the prescribed bond. Unless it affirmatively appears that the materialman could not compel payment by the contractor or the bondsmen, no damages are shown. Wilcox Lumber Co. v. School District, 103 Minn. 43, 114 N. W. 262. In this case the contractor was insolvent, but no attempt was made to recover from the bondsmen, so that the plaintiff's right to recover depends upon whether it could have maintained an action against the sureties on the bond. In Breen v. Kelly, 45 Minn. 352, 47 N. W. 1067, it was held that a county was not authorized to take a bond for the security or benefit of third persons, and such a bond, though voluntarily executed, was void.

That case was followed in Park Bros. & Co. v. Sykes, 67 Minn. 153, 69 N. W. 712, in which it was held that a village, unless expressly authorized by law, could not take such a bond. Mr. Chief Justice Start vigorously dissented from this last decision, pointing out the difference in the legal status of the municipal corporations proper, such as villages, and quasi municipal corporations, such as counties, and also expressing his opinion that the corporation, having express power to make the contract, had the implied power to secure its fulfilment to the extent of protecting those who contributed to that result.

But it is unnecessary to consider how far this court would adhere to the conclusion reached in Park Bros. & Co. v. Sykes, as chapter 354, Laws 1895, not only conferred authority upon public corporations to exact bonds of that character, but affirmatively provided for the bond, and expressly provided that one furnishing labor or material towards the completion of the contract might bring suit upon the bond to recover for such claim. While the requirements of the statute must be strictly followed in order that a bond be a statutory bond, a variance or omission, to be fatal, must be material. In Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 84 N. W. 756, a bond was held not to be statutory where it was conditioned, as said at page 189 of 82 Minn., and page 757 of 84 N. W., not that the principal "will faithfully perform the work or pay for the labor or material, but that he will for himself and his heirs, etc., contract to do so." In Wilcox Lumber Co. v. School District, supra, a similar

view was held with reference to a bond which (103 Minn. 44, 114 N. W. 263) "was not in conformity with the terms of the statute, in that it contained no provisions obligating the contractor to pay for work, labor, or material employed and used in the performance of the contract."

Where it is claimed that an instrument is void because of a variance between its terms and those required by a statute, the character of the variance must always be taken into consideration. For the purpose of determining the effect of a variance it is always pertinent to inquire who may take advantage of it. If an action were brought against the sureties upon the bond we are considering, they could not successfully defend against it because it was for an amount less than that required by the statute, for it would be impossible to see how that fact could in any way be detrimental to them. The departure from the statute in this bond is only as to the amount of the security. In the cases above referred to the bonds were not conditioned as required, and so could not be held to be executed pursuant to the statute. The authority to take the bond being undoubted, and it being in the form required and voluntarily executed, it would necessarily be held valid against the sureties, whether called a statutory or common-law bond. Howard v. Brown, 21 Me. 385; Pease v. Norton, 6 Greenl. (Me.) 229; McIntire v. Linehan, 178 Mass. 263, 59 N. E. 767; Farr v. Rouillard, 172 Mass. 303, 52 N. E. 443. This would not be true where the statute declared void any bond not in accordance with it, or where the giving of the bond was a prerequisite to securing some advantage or authority. Janes v. Langham, 29 Tex. 413; Mays v. Lewis, 4 Tex. 1; Shuttleworth v. Levi, 76 Ky. 195.

2. It is claimed that, inasmuch as the bond does not recite it was for the benefit of any person who might do work or furnish materials pursuant to the contract, no action can be maintained upon it. The bond was conditioned for the payment of all such claims, and under the statute permitting actions to be brought by third persons for whose benefit bonds of this character are executed, one performing labor or furnishing material towards the completion of the contract could sue upon the bond. City of St. Paul v. Butler, 30 Minn. 459,

16 N. W. 362; Morton v. Power, 33 Minn. 521, 24 N. W. 194; State Bank of Duluth v. Heney, 40 Minn. 145, 41 N. W. 411; Tompkins v. Forrestal, 54 Minn. 119, 55 N. W. 813; Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133; Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L.R.A. 257, 39 Am. St. 618; Horton v. Crowley Ele. Co., 108 Minn. 508, 122 N. W. 312; Doll v. Crume, 41 Neb. 655, 59 N. W. 806; Stephenson v. Monmouth Min. & Mnfg. Co., 84 Fed. 114, 28 C. C. A. 292; U. S. v. National Surety Co., 92 Fed. 549, 34 C. C. A. 526; U. S. v. Rundle, 100 Fed. 400, 40 C. C. A. 450.

3. The record does not disclose the amount of unpaid claims in existence for work and materials done or furnished under the contract between Chapman and the defendant village. If the aggregate of those claims exceeded the sum named in the bond, and the claimants had exhausted their remedy against the sureties upon the bond, and a deficiency remained, it undoubtedly could be said that by reason of the insufficient amount of the bond the plaintiff was damaged to the extent of such deficiency, and under the statute could compel the village to make good the loss. But, so far as the record shows, the plaintiffs' claim found by the court to be $596.07 is the only one outstanding.

Our conclusion is that the bond in question was valid as between the sureties and the plaintiff; that it was an obligation entered into pursuant to the statute, and one which the village was empowered to take for the use of the persons furnishing labor or materials pursuant to the contract; and that, the plaintiff having failed to show itself not protected by the bond, it has not brought itself within the statute giving it a cause of action against the municipality for damages because of a failure by the village to protect the plaintiff.

Judgment reversed, and new trial ordered.