## ALFALFA LUMBER CO. v. HOPE et al.
### (No. 1679.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 27, 1920.)

1. **Mechanics' liens ⬤⟶315 — Materialman entitled to recover on contractor's bond, though some of obligors were named as obligees.**

While a person cannot be both obligor and obligee in a bond, yet in view of Vernon's Ann. Civ. St. Supp. 1918, art. 5623a, providing for suit by materialmen on contractor's bond, one furnishing material for the construction of a church building may recover on the contractor's bond, though members of the church committee who were named as obligees signed as sureties.

2. **Mechanics' liens ⬤⟶313—Fact that contractor's bond was for less than prescribed amount does not invalidate it.**

Though a contractor's bond was for less than one-half of the contract price as specified by Vernon's Ann. Civ. St. Supp. 1918, art. 5623a, that will not invalidate the same.

3. **Mechanics' liens ⬤⟶313—Failure to record does not affect validity.**

Failure to record a contractor's bond, which, save as to amount, complied with Vernon's Ann. Civ. St. Supp. 1918, art. 5623a, does not affect its validity and prevent recovery.

4. **Mechanics' liens ⬤⟶317—Evidence sufficient to show delivery.**

Proof that the bond of a contractor engaged to construct a church building was found in the custody of the treasurer of the church, who was the official custodian of its papers, the bond itself being duly signed by personal sureties, warrants a finding of delivery.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by the Alfalfa Lumber Company against J. P. Hope and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

W. H. Bledsoe, of Lubbock, for appellant.
M. Fulton, Bean & Klett, Roscoe Wilson, and Percy Spencer, all of Lubbock, for appellees.

BOYCE, J. This suit was brought by the appellant, the Alfalfa Lumber Company,

against J. P. Hope, contractor, and W. A. Carlisle, H. K. Porter, W. F. Schenck, W. K. Dickinson, Sr., and L. D. Rankin, sureties on the contractor's bond, to recover the value of material furnished by the plaintiff for the erection of a church building for the Methodist Episcopal Church South, at Lubbock, Tex. The defendant Hope pleaded a discharge in bankruptcy, and the sureties on the bond set up various special matters in defense. Judgment was rendered for the defendants, from which this appeal is taken.

The appellant introduced evidence to show that it had furnished material to the said J. P. Hope for use in the construction of said church building, but the defendants' objections to the introduction in evidence of the contract between said Hope and the committee acting for the church, and the bond given to secure its performance, were sustained, and the jury was instructed to return a verdict for said defendants.

The assignments are to the action of the court in sustaining the objections to the introduction of the contract and bond. The contract offered was between J. P. Hope, contractor, and W. S. Posey, W. A. Carlisle, G. C. Wolffarth, C. E. Hunt, L. D. Rankin, W. K. Dickinson, Sr., K. Carter, H. K. Porter, and C. A. Pierce, the building committee representing the church in the matter, and provided that the said J. P. Hope, for the consideration of $29,750, should furnish all labor and material and erect a Methodist church building upon certain specified lots, and in accordance with the plans and specifications, etc. The bond was written on the reverse side of the contract, and was executed by the said contractor and by W. A. Carlisle, W. F. Schenck, W. K. Dickinson, Sr., L. D. Rankin, and H. K. Porter, as sureties. The obligees in the bond were K. Carter, H. K. Porter, W. S. Posey, W. A. Carlisle, G. C. Wolffarth, W. A. Bacon, C. E. Hunt, L. D. Rankin, W. K. Dickinson, and C. A. Pierce, but it was also made payable "to all persons who may furnish labor or material on the contract hereinbefore mentioned," and expressly states that it "is made for the use and benefit of all persons who may furnish labor or material on the hereinbefore mentioned contract." The bond is in the sum of $10,000, and is conditioned that the said J. P. Hope shall perform the covenants and agreements contained in the contract, and is in substantial compliance with the terms of article 5623a of Vernon's Ann. Civ. St. Supp. 1918, except that it is in a less amount than is provided for by law. The defendants objected to the introduction of the contract and bond in evidence for the following reasons: (1) That the bond was invalid because the defendants Carlisle, Porter, Dickinson, and Rankin were both obligors and obligees therein; (2) that the bond was not a statutory bond, because it was for a less amount than one-half of the contract price, as required by the terms of article 5623a; (3) it was not shown that said contract and bond had been filed and recorded; and (4) no delivery of the bond was shown to have been made to the obligees therein. In connection with the issue of the delivery of the bond, the plaintiff offered evidence to show that the contract was accepted and acted on by the committee, and the church built under the contract; that under the original agreement it was contemplated that Hope should make a surety company bond, but that upon signing of the contract it was made known to the committee that some delay would be incurred in securing such a surety, and it was then suggested that he make bond with personal security and go ahead with the work, and it appears that the sureties signed the bond in pursuance to this understanding. After Hope got into difficulties and search was made for the contract and bond, it was found in the possession of the treasurer of the church, who was the official custodian of the papers and records of the church. We will dispose of the assignments by a general discussion of the objections to the introduction of the contract and bond, taking these up in the order above stated.

[1] The general rule, of course, is that a person cannot be both obligor and obligee in a bond. This is because two parties are necessary to a contract, so that one may not contract with himself. But the bond in question is payable, not only to the committee, a part of whom are also signers of the bond, but also to such persons as might furnish labor and material, etc., in the construction and erection of the building. This court held, in the case of United States Fidelity & Guaranty Co. v. Burton Lumber Co., 221 S. W. 699, that, even though such a contract and bond were invalid, as between the contractor and the owner, yet there was such an independent liability on the bond to the laborers and materialmen as that they might recover on it. The decision of the Supreme Court of the United States, in the case of Equitable Surety Co. v. U. S., 234 U. S. 448, 34 Sup. Ct. 803, 58 L. Ed. 1394, cited by Chief Justice Huff, in the opinion in the case above referred to, is in point here. In that case alterations agreed upon by the owner and the contractor were pleaded as putting an end to the liability of the sureties on the bond, but it was decided in effect that the materialmen and laborers were such independent parties to such bond that alterations in the contract so made would not affect their rights, unless made with their knowledge and consent. In the case of N. O. Nelson Co. v. Stephenson, 168 S. W. 61, where the bond was made payable to all parties who might furnish labor or material on the contract, it was held that such laborers and materialmen "were, by the plain terms of the contract, privies thereto, and

fully' protected thereby, and each or any of them could·prosecute a suit on the·bond in his own name." This decision was rendered before the adoption of the present statute. This statute (art. 5623a) by its express terms provides that—

"Suit may be 'brought on said bond by the owner, subcontractor, workmen, laborers, mechanics and furnishers of materials, or any of them, and they and each of them shall have the right to recover on said bond in the same manner as if the bond were made payable directly to them."

In the case of Cecil v. Laughlin, 4 B. Mon. (Ky.) 30, the Supreme Court of Kentucky, in deciding a case where there were several obligees and obligors in a bond and some of them were the same, argued that, even if a party cannot be bound to himself, yet he might be bound to the other obligees in the bond, and since there would be no obligation to himself the instrument might be regarded as if he were not named as an obligee; "but [the court proceeds], however this may be, it cannot be doubted that even in case of private instrument, though one or more persons who stood as obligors should also be named as obligees, yet if the instrument provided for the performance of several duties in which the obligees might have various interests, the obligor or obligors would be liable to an action at law upon the bond, in which one or more of the other obligees should, according to their several interests, be sole plaintiff or plaintiffs, as in the case of Daniel v. Crooks, 3 Dana, 64." In the said case of Daniel v. Crooks, 3 Dana (Ky.) 64, two stockholders of a bank, Daniel and Magowan, as obligors, entered into a bond with Edward Stockton and numerous other stockholders of the bank, including the said Daniel and Magowan, as obligees. Under the terms of the bond the said obligors took over the assets of the bank and undertook to settle up its affairs. They also bound themselves to redeem the stock of the bank at $100 per share, within a certain time. Suit was brought by Crooks, one of the stockholders, to recover the value of a number of shares owned by him, the suit being on the covenant to redeem the stock. It was claimed in that suit that the bond was not valid because the obligors were also obligees, but the court answered the contention in this language:

"There is no foundation for the idea that the bond is not obligatory, and whatever difficulties there might be in maintaining an action at law on those stipulations in the performance of which the stockholders as a body were interested, the, stipulation for the redemption of the stock, the nonperformance of which is the only ground of complaint in this suit, is one for the breach of which in relation to himself, each obligee, towards whom there can be a breach, has an easy and perfect remedy at law by a separate action of covenant. The payment or redemption of the stock is to be made separately to each stockholder, and each has a separate interest in it. As to this stipulation, then, the interest and cause of action is several and not joint, and therefore 'the covenant shall be taken to be several and each of the covenantees may bring an action for his particular damage, notwithstanding the words of the covenant are joint. 1 Chitty, Pleading, 7.'"

We think it clear that the obligation to the materialmen and laborers in such a bond is so independent that they, as obligees, may maintain suit thereon, whatever might be said as to the right of the committee representing the church. We place our decision on this ground, though we may add that we are rather of the opinion that, even as an obligation to the church, the bond might be enforceable. The committee representing the church, and to whom the bond was payable, were 10 in number. Only 4 of this number signed the bond. The six members of the committee who did not sign the bond were competent to act for the church, and it seems to us that the contract evidenced by the bond might be valid as made between the church, represented by these 6 committeemen, and the obligors, who occupied the dual relation, acting in their individual capacity. We do not wish to be understood even as intimating that if the entire committee had signed the bond they ought not to be held bound, even to the church, after the principal had received the benefits of the contract thus secured for him, and in the event the obligations of the bond were sought to be enforced by the proper representatives of the·church. Even if there were no liability of any of the other sureties, the surety W. F. Schenck, who·was not an obligee in the·bond, would be liable thereon.

[2] The fact that the amount of the bond is less than one-half of the contract price of the building, as provided by law, does not affect its validity. It is less·onerous than it would otherwise have been, and the obligors have no ground for complaint. Johnson v. Erskine,·9 Tex. 1; Ward v. Hubbard, 62 Tex. 568; Walker v. Bennett, 1 White & W. Civ. Cas. Ct. App. § 649; Waterous Engine Works Co. v. Village of ·Clinton, 110 Minn. 267, 125 N. W. 269; 9 C. J. p. 24; 4 R. C. L. p. 54.

[3] This court has heretofore held that the failure to record the contract and bond does not affect their validity. Wright v. McAdams Lumber Co., 218 S. W. 571.

[4] We think the evidence was sufficient to support a finding that the bond was delivered.

We are therefore of the opinion that the court was in error in sustaining the objections to the introduction of the contract and the bond in evidence, and the case will be reversed and remanded. We do not think it should be rendered, as suggested by appellant.