# WILLIAM F. DAVIDSON

## *vs.*

## WILLIAM K. GASTON.

Where an execution is issued, a levy made upon personal property of one of the judgment debtors, the property sold and the proceeds applied *pro tanto* to the judgment, within five years of the entry of the judgment, it is a compliance with the act approved February 3d, 1862 entitled, "An act to amend section eighty, of chapter seventy-one, of the Revised Statutes relating to writs of execution," (*Session Laws* 1862, *ch.* 27, *p.* 82,) and the lien of the judgment as to the balance unpaid is preserved.

The provision of *sec.* 254, *ch.* 66, of the *General Statutes*, limiting the lien of a judgment to ten years, does not apply to judgments entered and docketed prior to the time the General Statutes went into operation upon which execution has been "issued and levied, or returned no property found," within five years from the entry thereof under the act of 1862. Such judgments are excluded from the operation of this provision of the General Statutes by *sec.* 4. *of ch.* 121, *of the General Statutes*.

So far as *sec.* 262, *of ch.* 66 of the *Gen. Stat.* is concerned, its provisions are complied with by issuing an execution upon the judgment within ten years after the entry thereof.

In the case of a judgment entered prior to the taking effect of the General Statutes, the lien of which was preserved under the act of 1862, and was unaffected by the General Statutes, if execution is issued within ten years after the entry of the judgment, and by regular proceedings under such execution property is sold and conveyed by the sheriff, the title is valid.

Whether in case of judgments to which all the provisions of the General Statutes apply, it would be necessary to take all the steps required to enforce the judgments within ten years, or what would be the effect in such case of execution issued and levy made within ten years, not considered or determined.

Davidson v. Gaston.

In calculating the ten years within which execution upon a judgment may be issued, the day on which the judgment is entered must be excluded.

The claim of the appellant that the court below erred in not permitting him to redeem the premises considered and determined.

This case was tried in the district court for Ramsey county and a judgment rendered in favor of the defendant. The plaintiff appeals therefrom to this court. The case is fully stated in the opinion of the court.

*By the Court.*—McMILLAN, J.—This is an action brought by the plaintiff under *sec.* 1, *ch.* 75, *of the General Statutes*, as amended by *ch.* 72, *of the laws*, 1867, (*Sess. L.*, 1867, *p.* 117,) to determine the adverse claim of the defendant to the premises described in the complaint. The cause was tried by the district court without a jury, and resulted in a finding and judgment for the defendant.

The facts, as found by the district court, are substantially as follows: On and prior to the 12th of November, A. D. 1857, one William H. Randall was the owner in fee of the premises, and continued seized of the same as such owner in fee until his death. He died some time in the year 1861, intestate, leaving him surviving John H. Randall, E. D. K. Randall, and Mary E. Bergman, wife of Herman Bergman, his only children and heirs-at-law.

Subsequent to his death, and before the commencement of this action, and while the said John H. Randall, E. D. K. Randall and Mary E. Bergman were seized in fee of said real estate, as such heirs-at-law of said William H. Randall, they together with Herman Bergman, the husband of said Mary E. Bergman, sold and conveyed the premises to one Charles Hunt his heirs and assigns forever. Subsequently and before the commencement of this action, the said Charles Hunt duly sold and conveyed the premises to Wil-

liam F. Davidson, the plaintiff, his heirs and assigns forever.

On the 12th of November, 1857, in an action in the district court of Ramsey county between Richard Claytor, plaintiff, and William H. Randall, defendant, a judgment was duly rendered in favor of said Richard Claytor, and against the said William H. Randall, for the sum of $1052. 60, which judgment was duly docketed in said county on said 12th day of November, 1857, and became a lien on the said real estate.

Within five years from the time of the entry of said judgment, to wit, on the 23d day of December, A. D. 1857, execution was duly issued out of said court upon said judgment; afterwards, to wit, on 30th of December, A. D. 1857, the sheriff not being able to find any personal property of said Randall, under and by virtue of said execution, levied upon certain real estate (other than the property described in the complaint herein) as the property of said Randall, and advertised the same to be sold pursuant to law; before the time appointed for the sale thereof, the sheriff, at the request of the plaintiff in the execution, ceased all proceedings on said execution, and thereafter, to wit, on the 30th of January, 1858, returned said execution into said court with his return thereon endorsed, that he had served said execution upon said defendant therein William H Randall, that he refused to pay the same, and that not being able to find any personal property of said Randall whereon to levy, he had levied upon certain real estate therein described, as the property of said Randall, and advertised the same for sale pursuant to law on the 13th day of February, 1858, and that at the request of the plaintiff in said execution, and his attorneys, all further proceedings on said execution were stayed, and that he returned said execution wholly unsatisfied.

Davidson v. Gaston.

Afterwards, and within five years from the entry of said judgment, to wit, on the 4th of March, 1858, another execution was issued in due form of law out of said court upon said judgment to the sheriff of said county, who by virtue thereof levied upon fifty shares of St. Paul Bridge Stock, the property of said Randall, which stock was duly sold by said sheriff for the sum of twenty-five dollars, which was duly applied upon said judgment, and thereupon, to wit, on the 21st of March, 1858, the said execution was by consent of said plaintiff returned into court without further service.

Afterwards, to wit, on the 12th of November, 1867, another execution was issued in due form of law out of said court upon said judgment to the sheriff of said county, who thereupon on said day levied the same upon the pieces or parcels of land described in said complaint, and afterwards, to wit, on the 11th day of January, A. D. 1868, after giving due notice of such sale as required by law (without the consent of the plaintiff herein) sold the said pieces or parcels of land to the defendant herein, William K. Gaston, in separate parcels, for the aggregate sum of sixteen hundred and fifty dollars, and thereupon, to wit, on the 15th day of January, 1868, the said sheriff executed, acknowledged and delivered to said defendant William K. Gaston, a certificate of such sale in due form of law as required by statute upon sales of real estate on execution, which certificate was on the 17th of January, 1868, duly recorded in the office of the register of deeds of said county, and the same now remains of record.

Upon this state of facts, if the lien of the judgment was preserved, and the sale of the premises under the execution last mentioned was legal and valid, the title of the defendant to the premises is good, and the finding and judgment of the court below is correct.

---

Davidson v. Gaston

---

In the view we take of the case, it will be necessary to consider but two of the points raised by the appellant.

The first point urged by the appellant is that the lien of the judgment ceased and determined long before the levy and sale of the premises, because no execution upon the judgment had been issued and levied, or returned no property found, within five years from the time of the entry of the judgment.

This objection is based upon the act approved Feb. 3d, 1862, which is as follows: "The party in whose favor judgment is given may at any time within five years after the entry thereof, proceed to enforce the same as provided by statute, but when no execution shall have been issued and levied, or returned no property found, within five years from the time of the entry of judgment, the lien of the judgment shall be determined and the property of the judgment debtor discharged therefrom." *Sess. L.* 1862, *ch.* 27, *p.* 82.

This act was applicable to judgments rendered prior to its passage. *Burwell vs. Tullis,* 12 *Minn.* 572.

A levy upon real estate is not a satisfaction of the judgment; whatever, therefore, may have been the effect of the levy upon the first execution with reference to the act of 1862, it did not satisfy the judgment.

Without expressing any opinion as to whether upon the facts touching that levy, as found by the court, the levy was sufficient to preserve the lien of the judgment under the act referred to, we are of opinion that the levy and sale of the bridge stock under the second execution was a sufficient compliance with the terms of the act, and preserved the lien of the judgment.

Conceding that the act requires a *bona fide* attempt to enforce the judgment within five years, it prescribes two

Davidson v. Gaston.

alternatives, either of which is sufficient evidence of such attempt, namely, an execution "issued and levied," or "returned no property found." It could not have been intended, by prescribing that the execution should be levied, to require that it should be levied to the full amount of the writ. The act clearly embraces a levy upon any amount of property.

If, therefore, the execution is levied in part only, it is sufficient to preserve the lien of the judgment. Whatever construction may be given to the term "levied" in this act, there is no doubt that the proceedings under the second execution meet the requirements of the law, for the property was levied on and sold, and the proceeds applied upon the judgment.

The second point urged by the appellant, is that the levy under which the defendant claims title was not made within ten years after the entry of judgment, and that the judgment ceased to be a lien after ten years from the time it was docketed.

The respondent, without admitting the fact that the levy was not made within ten years, urges that however that may be, the lien of the judgment was not limited to ten years.

The judgment in this case was rendered and docketed on the 12th day of November, 1857. At the time it was docketed the statute then in force provided as follows: " On filing a judgment roll, upon a judgment requiring the payment of money, the judgment may be docketed with the clerk of the court, where it was rendered, and in any other county upon filing with the clerk of the district court of such county a transcript of the original docket; and thereupon the judgment becomes a lien on real property in the county, from the time of docketing it therein." *Pub. Stat. ch.* 61, *sec.* 76, *p.* 566. *Rev. Stat. ch.* 71, *sec.* 76, *p.* 361.

" The lien mentioned in the last section, extends to all the real property of the judgment debtor in the county, owned by him at the time of the judgment, or afterwards acquired." *Pub. Stat. ch.* 61, *sec.* 77, *p.* 566.    *Rev. Stat. ch.* 71, *sec.* 77, *p.* 361.

By the General Statutes of 1866 which took effect from and after the 31st of July, 1866, it is provided as follows: " On filing a judgment roll, upon a judgment requiring the payment of money, the judgment shall be docketed by the clerk of the court, in which it was rendered, and in any other county upon filing in the office of the clerk of the district court of such county a transcript of the original docket; and thereupon the judgment from the time of docketing the same becomes a lien on all the real property of the debtor in the county owned by him at the time of the docketing of the judgment or afterward acquired; said judgment shall survive and the lien thereof continue for the period of ten years, and no longer; *provided,* that in any action upon such judgment the judgment therein shall not be a lien upon the real property of the original judgment debtor." *Gen. Stat. ch* 66, *sec.* 254, *pp.* 485-486.

By *chapter* 122, *section* 1, *of the General Statutes,* it is provided as follows: "The following acts passed in the the several years hereinafter enumerated, shall be expressly repealed from and after the day specified in *section two of chapter one hundred and twenty-one,* subject to all the provisions contained in said chapter : All of the revised statutes of 1851, and the amendments and appendix published and bound with the same in the volume called and known as the revised statutes of the territory of Minnesota;" [with an exception not material at this time], and among other acts passed in the year 1862, " chapter 27. An act to amend section eighty of chapter seventy-one of the revised 'utes relating to writs of execution."

Davidson v. Gaston.

One of the provisions of *chapter* 121 *of the General Statutes* subject to which this express repeal is made, is that such repeal "shall not affect any act done, or any right accruing, accrued or established, or any proceedings, doings, or acts, ratified or confirmed, or any action or proceeding had or commenced in a civil cause, before the repeal takes effect, but the proceedings thereon, shall, when necessary, conform to the provisions of the General Statutes." *Gen. Stat. ch.* 121, *sec.* 4

*Sec.* 7 *of chap.* 121 is as follows: "Where a limitation or period of time prescribed in any of the acts repealed, for acquiring a right, or barring a remedy or any other purpose, has begun to run, and the same or similar limitation is prescribed in the General Statutes, the time of limitation shall continue to run, and shall have like effect, as if the whole period had begun and ended under the operation of the General Statutes."

*Sec.* 9, *of ch.* 121, is as follows: "The provisions of the General Statutes so far as they are the same as those of existing laws, shall be construed as a continuation of such laws, and not as new enactments, and references in laws not repealed to provisions of laws incorporated into the General Statutes, and repealed, shall be construed as applying to the same provisions so incorporated."

The only portion of *sec.* 254 *of ch.* 66 *of the General Statutes*, which differs from *sections* 76 *and* 77, *of chapter* 71 *of the Revised Statutes* establishing a judgment lien, is the following provision: "said judgment shall survive, and the lien thereof continue for the period of ten years, and no longer; *provided,* that in any action upon such judgment the judgment therein shall not be a lien upon the real property of the original judgment debtor."

The other provisions of *section* 254 are substantially the

same as those of *sections* 76 *and* 77, *of chapter* 71 *of the Revised Statutes* above referred to. *Section* 254 *of ch.* 66 *of the General Statutes*, therefore, is a continuation of the provisions of *sections* 76 *and* 77, *of ch.* 71, *of the Revised Statutes*, adding as a new provision that portion of *section* 254, last quoted. Does this new provision apply to judgments entered prior to the time the new enactment took effect? It is settled beyond dispute that a statute which takes away or impairs any vested right acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect to transactions already past, is not to be deemed retrospective, but prospective only in its operation, unless the contrary clearly appears to have been the intention of the legislature. *Sedgwick on Const. and Stat. Laws*, 188; *Burwell vs. Tullis*, 12 *Minn.* 575; *Dash vs. Van Kluck*, 9 *Johns.* 477.

The language of this new provision, in connection with the other portion of the section of which it forms a part, may be construed to apply only to judgments docketed after its passage.

But further, under the act of 1862, referred to, when execution was issued and levied, or returned no property found, the terms of the act were complied with, and the lien of the judgment remained.

We have already determined that the provisions of this act were complied with in the case under consideration; the lien of the judgment, therefore, by the compliance with the Revised Statutes as amended by the act of 1862, was preserved, and the right to a lien unlimited as to time accrued to the plaintiff in the judgment and his assigns under the then existing laws.

By *section* 4, *of ch.* 121, *of the General Statutes* above quoted, it is expressly provided that the repeal of the acts,

and resolves, and parts of acts revised and re-enacted by the General Statutes, "shall not affect any act done, or any right accruing, accrued or established * * * * before the repeal takes effect, but the proceedings thereon shall, when necessary, conform to the provisions of the General Statutes." Neither the repeal of the act of 1862, nor the Revised Statutes, affected any proceeding under that act.

In view, therefore, of this provision, in connection with *section* 254, *of ch.* 66, *of the General Statutes*, we are of opinion that it was not intended in that section to embrace judgments like the one under consideration, and therefore, the lien of such judgments are not thereby limited to ten years.

It is conceded by the appellant, however, that the section (254, *ch.* 66, *Gen. Stat.*) under consideration is prospective in its terms, but he claims that *sec.* 7, *of ch.* 121, *of the General Statutes* clearly gives it a retrospective effect so far as its provisions apply to judgment liens, and the limitation of the time of the continuance of such liens.

*Section* 7, *of ch.* 121, above quoted, it will be seen, applies only to cases where a limitation or period of time for acquiring a right, or barring a remedy, or any other purpose, was prescribed, and had begun to run under existing laws, and the same or similar limitation is prescribed in the General Statutes; in that case the section provides that the time of limitation shall continue to run, and shall have like effect as if the whole period had begun and ended under the operation of the General Statutes.

The law existing at the time of the passage of the General Statutes, and applicable to the lien of judgments, was the act of 1862, to which we have before referred, which provides as follows: "but when no execution shall

have been issued and levied, or returned no propetry found, within five years from the time of the entry of judgment the lien of the judgment shall be determined and the property of the judgment debtor discharged therefrom." *Sess. L.* 1862, *ch.* 27, *p.* 82.

If this may be said to be a limitation of the lien of a judgment, and applicable to all judgments, yet it is a conditional limitation only, and the condition is the performance of an act by the plaintiff in the judgment, which he may readily perform, and upon its performance the lien remains unimpaired. The limitation prescribed by *section* 254, *of ch.* 66, *of the General Statutes* is one of time only, and is absolute in its nature, and cannot be avoided; it is, therefore, not the same, nor a similar limitation to that prescribed by the act of 1862.

The appellant further claims that under *sec.* 262, *of ch.* 66, *of the General Statutes, p.* 487, the judgment must be enforced; that is, a levy and sale must be made within ten years from the entry of judgment.

The language of *sec.* 262 is as follows: "The party in whose favor judgment is given, may, at any time within ten years after the entry thereof, proceed to enforce the same, as prescribed by statute."

The power to enforce a judgment of this kind by execution is conferred by *sec.* 266, *of ch.* 66, *of the General Statutes;* and, as there granted, is without limitation as to time. *Sec.* 262, is a limitation of that power; the latter section, therefore, is not an enabling, but a restricting statute.

A judgment is enforced when its terms are made effectual by legal process; several proceedings or steps are necessary to accomplish this result. A party proceeds to enforce it when he takes either of the steps prescribed for that pur-

pose; he enforces, when he takes all the steps necessary to satisfy his judgment; to *proceed* to enforce it, and *to enforce* it, therefore, are materially different things.

The issuing of the execution on a judgment for money only is the first step to enforce the judgment, and when this is done, the party has proceeded to enforce his judgment, and so far as the section under consideration is concerned, its terms are complied with; the act to which the limitation prescribed by it refers, is performed.

If then the execution in this case was issued within ten years from the entry of the judgment, the act is complied with. The judgment was rendered on the 12th day of November, 1857, and the execution under which the sale was made to defendant was issued on the 12th day of November, 1867.

*Sec.* 68, *of ch.* 66, *Gen. Stat.*, prescribes that "the time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day is Sunday, it shall be excluded." *Gen. Stat., p.* 459.

*Sec.* 262, above referred to, limits the time within which an act nay be done, and in effect requires it to be done within the time limited, that is, ten years; in computing this time *sec.* 68, *ch.* 66, is applicable, and by its terms the day on which the judgment is entered is to be excluded; the ten years in this instance, therefore, included the 12th day of November, 1867, the day on which the execution issued.

Whether in case of a judgment to which all the provisions of the General Statutes apply, it would not be essential to take all the steps necessary to enforce the judgment within ten years, in order to obtain the benefit of the same, we need not now consider, and intimate no opinion upon that point, nor upon what would be the effect in such case of execution issued and levy made within ten years.

Davidson v. Gaston.

This is not such a case; the lien of this judgment survives and is unaffected by the General Statutes; the execution was issued within the ten years prescribed by *sec.* 262, *ch.* 66, *of the General Statutes*, and by regular proceedings under it the property was sold and conveyed by the sheriff to the defendant; the title of the defendant to the premises described in the complaint is valid and effectual.

The appellant claims that at the commencement of this action he had the right to redeem the premises, and the court should have permitted him to do so. It is not claimed that at the time of the trial the time to redeem had not expired, nor does it appear that at, or before, or since the commencement of the action, the appellant made any attempt or offer to redeem the premises; the bringing of an action of this character would not interrupt the running of the time limited for the redemption under the sale, and if prior to the judgment that period for redemption had expired, the court could not extend it; the judgment could only have vested the title in the defendant subject to the appellant's right to redeem within the time prescribed by statute, and that having expired would not have aided the appellant. The point does not appear to have been raised in the district court.

The judgment appealed from is **affirmed.**