## George Giles *vs.* Anna R. Giles.

### January 27, 1876.

**Statutes Construed to be Prospective Only.**—The rule that unless the contrary clearly appears to have been intended by the legislature, statutes should be construed to be prospective, and not retrospective, in their scope and operation, applied to the first clause of Laws 1874, ch. 66, § 1.

This is an action under Laws 1874, ch. 66, § 1, (approved March 5, 1874,) which provides that " whenever a married man shall be deserted by his wife, or a married woman shall be deserted by her husband, for the space of one year, *  *  *  he or she may bring an action in the district court of the proper county, asking for a decree which shall debar him or her so deserting  *  *  *  from any right or estate, by the curtesy or in dower,  *  *  *  in or to his or her lands, and which will give such wife or husband full authority to aliene, sell and convey and dispose of his or her lands, without the interference of, or signature of, the husband or wife so deserting," etc. The action was brought on July 21, 1874, in the district court for Scott county, the

complainant alleging that on July 17, 1873, the defendant " wilfully and secretly, and without any cause or provocation," deserted the plaintiff, etc. The defendant answered, admitting the fact of desertion, but denying that it was " without cause or provocation," (without, however, specifying any cause or provocation,) and setting up certain facts, claimed to amount to an ante-nuptial contract, constituting her the equitable owner of a part of the lands described in the complaint.

Pursuant to an order of *Chatfield*, J., judgment on the pleadings was entered in favor of the plaintiff, and the defendant appealed.

*Henry Hinds*, for appellant.

*Macdonald & Southworth*, for respondent.

BERRY, J.   Unless the contrary clearly appears to have been intended by the legislature, statutes should be construed to be prospective in their scope and operation, and not retrospective.   This is a familiar canon of construction. *Burwell* v. *Tullis*, 12 Minn. 572.; *Davidson* v. *Gaston*, 16 Minn. 230 ; Sedgwick on Stat. & Const. Law, 2d ed., 160–173.   In accordance with this rule we are of opinion that the clause, (found in Laws 1874, ch. 66, § 1,) " whenever a married man shall be deserted by his wife," refers to a future desertion—that is to say, to a desertion beginning after the chapter cited goes into effect.   In other words, as respects the class of cases provided for in this clause, the law is purely prospective.

Judgment reversed.