AUGUST ERICKSON & another *vs.* ALBERT JOHNSON.

February 9, 1876.

**Lien of Judgment—Death of Judgment Creditor.**—The period of five years, at the expiration of which the lien of a judgment was discharged, under the provisions of Laws 1862, ch. 27, is not extended in consequence of the death of the judgment creditor during such period.

**Same—Effect of General Statutes on Prior Judgments.**—Gen. St. ch. 121, § 7, and ch. 66, §§ 254, 262, have the effect to preserve both the lien of a judgment rendered and docketed on August 22, 1862, and the right to issue execution thereon, for a period of ten years.  *Davidson* v. *Gaston*, 16 Minn. 230, and *Lamprey* v. *Davidson*, Id. 480, followed.

Action under Gen. St. ch. 75, § 1, to determine the defendant's adverse claim to lot 10 in block 144, in Minneapolis, in possession of plaintiffs.   The defendant answered, denying plaintiffs' title, alleging title in fee in himself, and praying that his title be confirmed, that he have judgment for possession, and that the plaintiffs be barred of all claim to the land.

At the trial in the court of common pleas of Hennepin county, before *Young*, J., without a jury, it appeared that both parties claimed title from one William Hanson as a common source. The title shown by plaintiffs was as follows : On October 19, 1859, judgment was rendered and docketed in the district court for Hennepin county, against Hanson and in favor of Dorland B. Dorman, for $663.82. On November 23, 1863, Dorman died, and an order was afterwards made substituting O. C. Merriman, his executor, and empowering him to enforce the judgment by execution. On October 15, 1864, execution was issued and delivered to the sheriff, who made return thereon, (without date,) "no property found," and the execution and return were filed in the office of the clerk of the court on November 17, 1864. On July 30, 1866, an alias execution was issued, by virtue of which the sheriff levied upon and sold the premises in question to George Hanson, to whose title the plaintiffs have succeeded.

The defendant's title is as follows : On August 22, 1862, judgment was rendered and docketed in the same court in favor of one Dennis Collins and against said William Hanson, for $262.18, and on the same day execution was issued thereon, and returned unsatisfied in part. On July 3, 1872, an alias execution was issued, under which the sheriff levied on the premises and sold them to defendant, who, on August 21, 1872, received the statutory certificate of purchase.

As conclusions of law upon these facts the court found :

That Dorman's judgment having been docketed October 19, 1859., and execution thereon issued October 15, 1864, but there being no evidence that this execution was. returned until November 17, 1864, said judgment ceased to be a lien on the property of William Hanson ; that, to continue the lien longer than five years from the entry of the judgment, execution should have been not only issued, but also either levied or returned unsatisfied, within the five

years, and that defendant was entitled to judgment. The other findings of fact and law relate to the sufficiency of the description in the sheriff's certificate of sale on the Dorman judgment, and to the proof of service of the summons in the suit of Collins against Hanson, as to which last matter no point was made in this court. From the judgment entered on the findings the plaintiffs appealed.

The provisions of statute on which the case depends are set forth in the opinion.

*Lowry & Wilson*, for appellants.

*L. M. Stewart* and *Benton & Benton*, for respondent.

BERRY, J.   On October 19, 1859, judgment was rendered and docketed in the district court for Hennepin county, in favor of Dorland B. Dorman and against William Hanson. Dorman having died November 23, 1863, Merriman was appointed his executor, and on October 15, 1864, caused execution to be issued and delivered to the sheriff. The sheriff made a return of "no property found" upon the execution, and on November 17, 1864, the execution, with the return thereon, was filed in the office of the clerk of the court, the return bearing no date.

Laws 1862, ch. 27, enacts that "the party in whose favor judgment is given may, at any time within five years after the entry thereof, proceed to enforce the same as provided by statute; but when no execution shall have been issued and levied, or returned 'no property found,' within five years from the time of the entry of judgment, the lien of the judgment shall be determined, and the property of the judgment debtor discharged therefrom." The defendant claims that, under this statute, the lien of the judgment upon certain lands in controversy expired October 19, 1864, five years after the judgment was rendered and docketed. The plaintiffs claim that, by Dorman's death, the statutory period of five years was extended long enough at least to make the return on November 17, 1864, sufficient to preserve the lien.

The statute which we have quoted, if not a statute of limi-

tations, in the strict sense of a statute limiting the *commence-ment* of *actions*, is so far analogous that its construction and application should be governed by the same rules. As to statutes of limitations, the settled rule is that no exception from their operation can be claimed " unless expressly mentioned." This is upon the principle that " general words of a statute must receive a general construction, and, unless there can be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or retrenchment," or by " judicial construction." Angell on Lims. §§ 56, 195, 476, 485, 488; *McIver* v. *Ragan*, 2 Wheaton, 25 ; *Hall* v. *Bumstead*, 20 Pick. 2 ; *Favorite* v. *Booher's Adm'r*, 17 Ohio St. 548 ; *Warfield* v. *Fox*, 53 Penn. St. 382 ; *Wade* v. *Caspari*, 24 La. An. 211 ; *Davidson* v. *Shearon*, Sup. Ct. Tenn. (Chicago Legal News, Nov. 20, 1875.) From the application of this rule to the statute under consideration it follows that the lien in question expired October 19, 1864.

The only other point necessary to be considered arises upon the following facts : On August 22, 1862, judgment was recovered and docketed in the district court for Hennepin county in favor of Dennis Collins and against William Hanson aforesaid. Under the act of 1862, before quoted, the lien of this judgment would have continued until August 22, 1867. The act of 1862 was repealed by Gen. St. ch. 122, which took effect July 31, 1866. At the time of this repeal the lien of the Collins judgment was in full force. By Gen. St. ch. 121, § 7, it is provided that " when a limitation or period of time prescribed, in any of the acts repealed, for acquiring a right, or barring a remedy, or any other purpose, has begun to run, and the same or a similar limitation is prescribed in the General Statutes, the time of limitation shall continue to run, and shall have like effect as if the whole period had begun and ended under the operation of the General Statutes." Gen. St. ch. 66, § 254, provides that the lien of a judgment shall continue for ten

years from the time of docketing, and § 262 of the same chapter, that execution may be issued at any time within ten years after the entry of judgment.

The ten years' limitation of the lien of a judgment provided in the General Statutes was "similar" to the five years' limitation provided by the act of 1862 in a case where the lien had not been preserved by the levy or return of an execution. Gen. St. ch. 121, § 7, had, then, the effect, when taken in connection with Gen. St. ch. 66, § 254, to preserve the lien of the Collins judgment for a period of ten years from the rendition and docketing of the same—that is to say, until August 22, 1872; and by Gen. St. ch. 66, § 262, execution might be issued on the Collins judgment at any time during the existence of the lien—that is to say, within ten years. The alias execution issued July 3, 1872, the levy or the same upon the premises in dispute, and the sale of the premises, which was consummated by the execution of the proper statutory certificate of sale, on August 21, 1872, were, therefore, all in time. With regard to the first execution which was issued upon the Collins judgment, on August 22, 1862, and which was on the same day returned "unsatisfied in part," it is unnecessary to consider whether the return is to be regarded as evidence of a levy or not; for if it was to be so regarded, then the lien of the Collins judgment would be preserved, and the sale upon the alias execution be valid, in accordance with *Davidson* v. *Gaston,* 16 Minn. 230, and *Lamprey* v. *Davidson*, Id. 480.

Judgment affirmed.