STATE OF MINNESOTA *vs.* CHARLES WAHOLZ.

July 7, 1881.

**Highway—Law not Retrospective.**—The provision in chapter 50, Laws 1877, (Gen. St. 1878, c. 13, § 47,) " that when any road or portion thereof shall have been used and kept in repair and worked for six years continuously as a public highway, the same shall be deemed as having been dedicated to the public, and be and remain, until lawfully vacated, a public highway, whether.the same has ever been laid out as a public highway or not," is purely prospective, and nothing done, and no time elapsed, prior to the passage of the act, can be taken into account.

Defendant was tried in the district court for Winona county, on appeal from justice court, on the charge of having obstructed a public highway. The sole issue on the trial was whether the *locus in quo* was a public highway. Evidence was introduced to prove that it had been used, repaired and worked as a public highway for six years preceding the offence charged. Under the charge of the court, *Mitchell,* J., presiding, "that if this alleged road had been used and kept in repair and worked by the public, as a highway, for six years continuously, immediately preceding the commission of the alleged offence, it should be deemed as having been dedicated to the public, and be and remain, until lawfully vacated, a public highway, whether the same had ever been laid out as a public highway or not," the jury found defendant guilty. The case was then certified to this. court, under Gen. St. 1878, c. 117, § 11.

*W. J. Hahn,* Attorney General, for the State.

*W. H. Yale,* for defendant.

GILFILLAN, C. J.*    In chapter 50, Laws 1877, (Gen. St. 1878, *c.* 13, § 47,) occurs this provision: "And that when any road, or portion thereof, shall have been used and kept in repair and worked, for six years continuously, as a public highway, the same shall be deemed as having been dedicated to the public, and be and remain, until lawfully vacated, a public highway, whether the same has ever been laid out or not." The district court certifies for our decision two questions— in effect these: Is the act retrospective, so as to include within the six years any time prior to the date of its passage? and, if so, is the act constitutional? If we take the act literally, it may be held to provide that where, at any point of time after its passage, a road "shall have been" used, kept in repair, and worked, six years continuously, it shall be a public highway, although the whole or greater part of six years elapsed before the passage of the act. It does not expressly say that; but such meaning would not be outside its terms. That meaning might be attributed to it, were it not for the rule for interpreting statutes that, "unless the contrary clearly appears to have been intended by the legislature, statutes should be construed to be prospective in their scope and operation, and not retrospective." *Giles* v. *Giles,* 22 Minn. 348. That case applied the rule to a statute, the language of which, in respect to the time, was not materially different from the language of the one before us. We decide that this statute, in making the use, keeping in repair, and working, constitute a road a public highway, is purely prospective, and refers only to future acts; and that nothing done and no time elapsed, before the passage of the act, can be taken into account. The act does not apply to the case in hand.

The second question need not be decided.

*Mitchell, J.,* took no part in this case, having presided at the trial in the district court.