W. M. TOMPKINS *et al. vs.* WILLIAM ·FORRESTAL *et al.*

Argued May 17, 1893. Reversed June 30, 1893.

**A Statutory Change of the Practice will Apply to an Action on an Existing Claim.**

Statutes which change the rule as to parties necessary to the determination of controversies will take effect upon prior as well as subsequent contracts or transactions, and the actions arising therefrom.

**Action on Contractor's Bond under Duluth Charter.**

That part of Sp. Laws 1891, ch. 55, § 15, (Charter of the City of Duluth,) which authorizes any person who has not been paid for labor performed or for materials furnished to a contractor with the city, to bring a suit in his own name against said contractor and his bondsmen, applies to actions brought to enforce a liability upon a bond executed under the provisions of the original charter, (Sp. Laws 1887, ch. 2, subch. 5, § 5.)

**Same—Notice to the City.**

The notice to the city prescribed in said section 15 is no part of the plaintiffs' cause of action, and it was error for the court below to pass upon the question of service of such notice, in its findings, as a question of fact. .Proof of service need not be made until after judgment has been ordered.

**Practice Stated and Corrected.**

In the case at bar the findings of fact proper were all in plaintiffs' favor, but, on a finding that proof of service of notice to the city had not been made, judgment was ordered against the plaintiffs. They then notified the city in form, waited until more than twenty days had expired, and,

upon proof of such notification, and proof that the city had not intervened
or appeared in the action, moved the court to strike out the finding last re-
ferred to, and its conclusion of law, and to insert in lieu of the latter an
order for judgment in plaintiffs' favor. This motion was denied. *Held*,
that it should have been granted.

Appeal by plaintiffs, W. M. Tompkins and George F. Merrill,
from an order of the District Court of St. Louis County, *O. P.
Stearns*, J., made July 16, 1892, denying their motion for a new trial.

On May 12, 1890, William Forrestal and James Forrestal, two
of the defendants, entered into a contract with the City of Duluth
to pave Bench Street from Eighth Avenue East to Montata Avenue.
The other defendants, Henry H. Bell and John H. La Vague, be-
came sureties on their bond for $17,000 to the city, dated that day,
and conditioned that if the Forrestals should faithfully perform the
contract, and pay for all labor done and material furnished in its
prosecution, then the bond to be void, otherwise of force. (Sp.
Laws 1887, ch. 2, subch. 5, § 5.) The plaintiffs, between July 23,
and September 9, 1890, furnished cedar blocks for the work to the
value of $2,868.80, for which they were not paid. On August 31,
1890, the plaintiffs drew their draft on Forrestals for $1,500, due
sixty days thereafter, which draft was accepted by them, and
plaintiffs procured it to be discounted, but were compelled to pay
it themselves when it matured.

Sp. Laws 1891, ch. 55, p. 620, took effect March 2, 1891. After-
wards, on August 4, 1891, plaintiffs brought this action in their
own names upon the bond against the four obligors to recover
the sum due them, but gave the city no notice of the pendency of
this action, as required by Sp. Laws 1887, ch. 2, subch. 5, § 5, as
amended by Sp. Laws 1891, ch. 55, § 15. The issues were tried
before the court without a jury, and on September 22, 1891, the
court ordered judgment for the defendants, solely because such
notice was not given.

Plaintiffs then served notice May 19, 1892, and, on proof of this,
moved the court on June 25, 1892, to amend the findings and to
direct judgment in their favor. That application was refused.
The plaintiffs then moved for a new trial, and this motion was
also denied, and plaintiffs appeal.

*White, Reynolds & Schmidt,* for appellants.

*State Bank of Duluth* v. *Heney,* 40 Minn. 145, would dispose of this case were it not for Sp. Laws 1891, ch. 55, § 15, which amends Sp. Laws 1887, ch. 2, subch. 5, § 5. The bond upon which this action is brought was executed before this amendment was enacted, but, as it relates merely to the remedy, it applies to the practice in this action. This amendment pertains to the remedy only, and is retroactive in its effect. It applies to actions of this character brought upon bonds executed prior to its passage. Sutherland, Stat. Constr. §§ 476, 477, 478, 482; *Grimes* v. *Bryne,* 2 Minn. 89, (Gil. 72;) *Green* v. *Biddle,* 8 Wheat. 1; *Converse* v. *Burrows,* 2 Minn. 229, (Gil. 191.)

It will be observed that, in the cases cited by defendants, the statutes there construed contain the word "hereinafter." This of course made a decided change, and the courts could not construe those Acts any different, than that they should relate to matters "hereafter" or "thereafter." That word does not occur in the amendatory act in question.

If, however, the court should disagree with us on this proposition, then we are entitled to amend, substituting the City of Duluth for the use and benefit of appellants, and we ask that this may be done. *Barnhill* v. *Haigh,* 53 Pa. St. 165; *Downey* v. *Garard,* 24 Pa. St. 52; *Miller* v. *Pollock,* 99 Pa. St. 202; *Braswell* v. *McDaniel,* 74 Ga. 319; *Andrews* v. *Theological Seminary,* 8 N. Y. 562; *Sayre* v. *Fraser,* 47 Barb. 26.

The drawing, acceptance and discount, of the bill of exchange, was not a valid extension of the time of payment so as to discharge the sureties Bell and La Vague. There is no presumption that a creditor takes a check or draft in payment, arising from the mere fact that he accepts it, from his debtor. The presumption is just the contrary. *National Bank of Commerce* v. *Chicago, B. & N. Ry. Co.,* 44 Minn. 224; *Burke* v. *Cruger,* 8 Tex. 67; *Roberts* v. *Bane,* 32 Tex. 386; *Wilson* v. *Foot,* 11 Metc. 285; *Hutchins* v. *Nichols,* 10 Cush. 299; *Potter* v. *Green,* 6 Allen, 442; *Kane* v. *Fuller,* 14 N. J. Eq. 419; *Agnew* v. *Merritt,* 10 Minn. 308, (Gil. 242;) *Benedict* v. *Olson,* 37 Minn. 431; *Wilson* v. *Powers,* 130 Mass. 127; *Goodwyn* v. *Hightower,* 30 Ga. 249; *Continental Life Ins. Co.* v. *Barber,* 50 Conn. 567; *United States* v. *Hodge,* 6 How. 279.

There was no evidence in this case that the City of Duluth had notice of the pendency. of this action, and the court refused to amend its findings by striking out the sixth finding, and by changing its conclusion of law to one in favor of plaintiffs. This question of notice to the city was not raised or even suggested to the court at the trial of the action. Defendants for some reason remained silent before and during the trial; but after the case was submitted, when the time to introduce evidence expired, then they raised this technical objection. Plaintiffs then served notice, and upon proof of that fact asked the court to amend its findings, which the court refused. Now by this silence and the court's refusal to amend, we are deprived from recovering an honest and just claim, as the statute of limitation has since run against it. A sufficient notice of the pendency of the action was so served on the City of Duluth. It was in due time, as no judgment had as yet been entered. The objection is, that the service or giving of this notice was not proved upon the trial. It was no part of the issue, and we apprehend need not be proved upon the trial. It would seem sufficient if it be made to appear to the satisfaction of the court at any time before judgment. The giving of this notice is not a condition precedent to the bringing of the action. *Webb* v. *Meloy*, 32 Wis. 319; *Sage* v. *McLaughlin*, 34 Wis. 557; *City of St. Paul* v. *Butler*, 30 Minn. 459; *Morton* v. *Power*, 33 Minn. 521; *Salter* v. *Hilgen*, 40 Wis. 363; *Monaghan* v. *Longfellow*, 82 Me. 419.

*Edson & Edson*, for respondents.

This action is not properly brought in the name of the plaintiffs. *State Bank of Duluth* v. *Heney*, 40 Minn. 145, is conclusive of the question, unless the Legislature by the amendment of the charter of the City of Duluth by Sp. Laws 1891, ch. 55, § 15, has changed the rule. The parties contracted in reference to the law as it then stood. The bond contains this language: "And additional to the right of said city to sue on this bond and fully indemnify itself, any person who may have a just claim for labor performed or material furnished to said contractor under said contract, shall also have the right to sue in any court having jurisdiction in the name of said city for the use and benefit of such person holding such legal claim." The fact that the bond provides for the payment of material men

does not bring the sureties into privity with the material men. In every case in which an action has been sustained, there has been a debt or duty owing by the promisee to the party claiming to sue upon the promise. Whether the decisions rest upon the doctrine of agency, the promisee being regarded as the agent of the third party, who, by bringing his action, adopts his acts, or upon the doctrine of trust, the promisee being regarded as having received money or other thing for the third party, is not material. In either case there must be a legal right, founded upon some obligation of the promisee to the third party, to adopt and claim the promise as made for his benefit. *Lorillard* v. *Clyde*, 122 N. Y. 504.

In the amendment to the charter, the legislature, so far as it assumed to give to plaintiffs a cause of action in their own name upon the bond in suit, undertook to do more than change or affect the remedy. They sought to give to parties who had no contractual right under the bond in suit, such a right as they could not otherwise have short of being parties in fact to the bond. This, we respectfully submit, the legislature could not do.

The appellants did not notify the city, and are in no position to maintain this action. The charter provides that, at the time of bringing of such suit, plaintiff shall notify the city that said suit has been commenced, specifying the names of the parties to such suit, the bond upon which said suit is brought, the amount and nature of plaintiff's claim, and no judgment shall be entered in any such action unless the plaintiff shall prove to the satisfaction of the court that, twenty days before the time of said trial, notice was served upon the city of the commencement of said suit, as hereinbefore set forth.

The draft transaction was an extension of the time of payment between Tompkins & Merrill and Forrestal Brothers, and to that extent a departure from and change of the terms of their contract. It gave Forrestal Brothers additional time, and the acceptance of the draft was a good consideration for the extension. *Hamilton* v. *Prouty*, 50 Wis. 592; *Billington* v. *Wagoner*, 33 N. Y. 31; *Wheaton* v. *Wheeler*, 27 Minn. 465; *Hubbard* v. *Gurney*, 64 N. Y. 457.

A consideration for this draft, and for the extension of time thereby given, can be found upon the face of the draft itself, for it is drawn at the rate of eight per cent. interest.

COLLINS, J. The bond to the city of Duluth on which plaintiffs brought this action in their own names bore date May 20, 1890, and was therefore executed under the provisions of the statute then in force. (Sp. Laws 1887, ch. 2, subch. 5, § 5.) The plaintiffs contend that their action was properly brought, because brought in accordance with the provisions of an amendment to said section 5, found in Sp. Laws 1891, ch. 55, § 15, and the first question for determination is whether that part of the amendatory statute which confers upon one who has performed labor or has furnished material upon a contract with the city, and has not been paid, the right to bring a suit in his own name upon the bond, has application to bonds executed prior to the amendment. Under the statute as it existed when the bond was given it was held, in *State Bank of Duluth* v. *Heney,* 40 Minn. 145, (41 N. W. Rep. 411,) that the bond was designed for the benefit of laborers as well as the city, and was intended to secure their wages, but it was also held that the city alone was the proper party to maintain an action to enforce the liability. It follows that, unless the provisions of the act of 1891 can be applied to cases arising upon bonds executed prior to its passage, these plaintiffs have no standing in court; the remedy is exclusively in the hands of the city. The rights of laborers and material men, and the liabilities of these respondents as sureties upon the contractors' bond, were fixed and established by the statute of 1887. The former had the right to look to the sureties upon the bond for payment in case the contractors failed to pay for labor performed or materials furnished in the performance of the contract; in other words, they had a beneficial interest in the bond from the time they commenced to furnish materials, which interest was available in an action to enforce the liability. To be sure, the remedy was enforceable in a specified manner, and only by means of an action brought in the name of the city, although it might not have the slightest interest in the result of the controversy. This requirement of the law, introduced, probably, for the convenience and protection of all who might have a cause of action against the bondsmen, was nothing more than a form or method of procedure, provided for the determination of a controversy arising out of the contract bond, and in no manner did it affect the rights or the liability of either party. By the statute

of 1891 this form or method of procedure to enforce a liability arising upon such bonds was changed, and authority was conferred upon laborers and material men to maintain actions in their own names. Instead of making the city the party plaintiff to the controversy, the statute gave to the real plaintiff authority to directly prosecute the action. No attempt was made to change the nature or the extent of an existing remedy so as to affect or impair the rights or liabilities of the parties as fixed and established when the bond was executed. The statute of 1891 dealt with the method of procedure only, and no person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. So, when a new statute deals with the method of procedure only, it applies, *prima facie*, to all actions,—those which have already accrued and those of the future. Suth. Stat. Const. § 482; *Green* v. *Biddle*, 8 Wheat. 1. It is well settled that statutes which change the rule as to parties necessary to the determination of controversies will take effect upon prior as well as subsequent contracts or transactions and the actions arising therefrom. Wade, Retro. Laws, § 214; *Augusta Bank* v. *Augusta*, 49 Me. 507; *Hepburn* v. *Curts*, 7 Watts, 300; *Crawford* v. *Branch Bank of Mobile*, 7 How. 279. Before this amendment of 1891, the position of plaintiffs and all other persons similarly situated was not unlike that of an assignee of a chose in action at common law. Suit to enforce a right would have to be brought in the name of another. But upon the passage of the statute now in force, requiring all actions to be prosecuted in the name of the real party in interest, we do not imagine that any one seriously questioned the right of an assignee to bring suit in his own name upon a chose in action, although he had acquired it prior to the enactment of the statute, which radically changed the common-law rule, and gave an entirely new remedy. The rule laid down in *Giles* v. *Giles*, 22 Minn. 348; *Wilson* v. *Red Wing School Dist.*, Id. 488; *State* v. *Waholz*, 28 Minn. 114, (9 N. W. Rep. 578;) and other cases,—that, unless the contrary clearly appears to have been intended by the legislature, statutes should be construed to be prospective, and not retrospective, in their scope and operation,—is not pertinent to the facts here, because the amendment related solely to the method of procedure for the enforcement of an existing obligation and liability.

On the trial the court below found in plaintiffs' favor on all of the issues presented by the pleadings, and also found as a fact "that there is no evidence in this case that the city of Duluth ever had any notice of the pendency of this action." Based on this finding, undoubtedly, its conclusion of law was that these respondents were entitled to judgment against plaintiffs for their costs and disbursements. This was error. The statute (section 15, *supra*) requires that, at the time suit is brought by a person in his own name against a contractor and his bondsmen, notice that the suit has been commenced shall be given to the city. This notice must contain certain details, and no judgment shall be entered in any such action, unless the plaintiff shall prove to the satisfaction of the court that this notice was served upon the city twenty days before the time of the trial. The statute further provides for the filing of a complaint in intervention by the city, if deemed advisable, within said twenty days, for the benefit and protection of others who may be in need of recourse upon the bond. It clearly appears from an examination of the law that the giving of this notice to the city is no part of a plaintiff's cause of action, for it need not be given until twenty days prior to the time of trial. It follows naturally that it was not incumbent upon the plaintiffs to prove upon the trial that such notice had been given, nor should the fact have been passed upon by the trial court. Judgment could not have been entered, however, until the fact had been shown to the satisfaction of the court, and this could have been done at a time subsequent to the filing of the findings. It does not appear from the record before us that a notice was served on the city before the trial, but afterwards, and after the findings had been made, plaintiffs' counsel caused such notice to be served. They then waited more than twenty days, and upon an affidavit of service, and an affidavit that the city had not filed its complaint in intervention, and had not appeared in said action in any way, duly moved the trial court for an amendment to its findings, striking out that portion which referred to the service of notice upon the city, and inserting one by which the exact amount due to plaintiffs would be stated, and also for a proper change in its conclusion of law. This motion was denied, when it should have been granted. The failure to serve the notice prior to the trial was a

mere irregularity, which cannot be permitted to defeat recovery upon a just claim. The notice was subsequently given, and that it was simply formal, and of no real importance, is shown by the fact that the city authorities had no complaint in intervention to file, and evidently had no interest in the action. If the city had seen fit to file such a complaint, the plaintiffs would probably have been obliged to again try their case, but nothing more serious than this could have resulted. As judgment should have been entered as demanded in the complaint, the case is remanded, with directions that such a judgment be now entered. Order reversed.

VANDERBURGH, J., took no part.