ENOCH OPPEGAARD and Others v. BOARD OF COUNTY
COMMISSIONERS OF RENVILLE COUNTY.[1]

March 11, 1910.

Nos. 16,395—(170).

**School District — Appeal from County Commissioners.**
>    Chapter 13, Laws 1909, amending chapter 188, Laws 1907, so as to permit
>    appeals from orders pursuant thereto, operated retroactively.

The county commissioners of Renville county granted a petition
for a change in the boundaries of a certain independent school dis-
trict.   Shortly thereafter Laws 1909, c. 13, granting an appeal to
the district court from such an order, was enacted, and the remon-
strants against granting the petition appealed to the district court
for Renville county.   The appeal was dismissed, Powers, J.   From
the order of dismissal, the remonstrants appealed.   Reversed.

*Daly & Barnard,* for appellants.
*Robert K. Stuart* and *J. M. Freeman,* for respondent.

JAGGARD, J.

A majority of the male voters of independent school district No.
40, comprising within its limits the village of Sacred Heart, filed a
petition under the provision of chapter 188, Laws 1907,[2] for the pur-
pose of enlarging said school district by taking other territory from
other school districts contiguous to said district and annexing such
territory to said district.   The board of county commissioners made
an order setting off portions of the districts and annexing such ter-
ritory to district No. 40, and rearranging the territory.   At this time
no appeal from the action of the county board was provided by stat-
ute.   Ten days later, chapter 13, Laws 1909, amended chapter 188,
Laws 1907, by allowing an appeal to be governed by the provisions

[1] Reported in 125 N. W. 504.          [2] R. L. Supp. 1909, § 1286.

of section 1285, R. L. 1905. Pursuant to the amendment different districts and individuals affected by the order of the county board appealed to the district court from the said order. At the hearing of said appeal it was dismissed by the district court. The appeal to this court was taken from that order of dismissal.

The question here presented is whether the amendment of 1909 should be given a prospective or retrospective effect. That amendment reads: "And provided further that *any* person or officer of any school district *aggrieved* by *any* order of the county board made *pursuant to the provisions of this section* may appeal to the district court from such order, such appeal to be governed by the provisions of section 1285, Revised Laws 1905." (The italics are ours.)

In this case persons of a school district aggrieved by such an order brought such appeal. This action was justified by the language of the section as literally and naturally construed. If the law had been intended to operate in future only, the statute should have read "and provided further that any person or officer of any school district who shall be aggrieved by any order of the county board which shall hereafter be made," etc.

The circumstances, moreover, make it reasonable to attribute intention to enact a statute operative retrospectively. The absence of a right to appeal under the law of 1907 violated analogies. There was no practical occasion for excepting the orders of the county board made pursuant to its provision from judicial review. They not only possess no inherent sanctity, but they were also, from the very nature of the board and of the moving causes for changes in school districts, with the inevitable prejudice attending them and the often narrow view of advantage, liable to be inexpedient and unjust in fact. The orders were surrounded by none of the safeguards, for example, involved in the determination by a district judge after a formal trial under carefully considered rules of evidence; yet his order for judgment is always appealable.

This natural construction, however, defendant insists should not be adopted, because of the general rule for interpretation of statutes, "that they never should be allowed a retroactive operation where this is not required by express command or by necessary and unavoid-

able implication. Without such command or implication they should speak and operate upon the future only." Kerlinger v. Barnes, 14 Minn. 398 (526); Wilson v. Red Wing School District, 22 Minn. 488; Giles v. Giles, 22 Minn. 348; State v. Waholz, 28 Minn. 114; Parkinson v. Brandenburg, 35 Minn. 294, 28 N. W. 919, 59 Am. Rep. 326; Brown v. Hughes, 89 Minn. 150, 153, 94 N. W. 438; Stein v. Hanson, 99 Minn. 387, 109 N. W. 821. And it may be conceded that· if this statute provided for an appeal in case of vested rights it should be given a prospective operation only. Beaupre v. Hoerr, 13 Minn. 339 (366); Wieland v. Shillock, 24 Minn. 345; State v. Flint, 61 Minn. 539, 63 N. W. 1113. See also 2 Cyc. 520, 521.

No vested right was, however, created by the order of the board. Under .section 1301, R. L. 1905, any adjoining freeholder immediately after its filing might petition to have his land annexed to one of the districts, and the board must act on his petition. The extent of the territory comprised within the independent districts may be changed at any time. No freeholder secured irrevocable determination of boundaries. The law was remedial in nature, was not subject to the restrictions stated, and should be liberally construed. The appeal lay.

The authorities confirm the view. Converse v. Burrows & Prettyman, 2 Minn. 191 (229) sustained a law providing for an appeal .from an order granting a new trial, and was passed after the allowance of the order appealed from. Atwater, J., said: "The object of the act is evidently to extend the right of appeal beyond what previously existed. It is a remedial law, and should receive a liberal construction. It provides a remedy in a case where otherwise injustice might be done, and should be given effect in all cases where proceedings have not been had to such an extent as to· exclude its application. * * * The doctrine that statutes retrospective in their effect are unconstitutional is held not to apply to remedial statutes which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights. (1 Kent, 455.) We cannot perceive· how the act giving the right of appeal in this case impairs in any manner the contract between the parties or affects any vested right of the defendants."

In McNamara v. Minnesota Central Ry. Co., 12 Minn. 269 (388), a statute allowing an appeal from an order granting a new trial was enacted subsequently to the date of the order appealed from. The court, following the Converse case, gave the law a retrospective operation. And see Tompkins v. Forrestal, 54 Minn. 119, 125, 55 N. W. 813. Cf. Schuster v. Weiss, 114 Mo. 158, 21 S. W. 438, 19 L. R. A. 183; McClain v. Williams, 10 S. D. 332, 73 N. W. 72, 43 L. R. A. 287.

It is urged, however, that in the Converse and McNamara cases no appeal was allowed from a final judgment or order, for, as was pointed out in the McNamara case, the order granting a new trial was not a final order affecting a substantial right, and that the power of the court to grant a new trial was not like the right of appeal under this law. In the Converse case, moreover, the court restricted the rule of liberal construction to cases "where proceedings have not been had to such an extent as to exclude its application." Its application is limited to those cases in which the law in question relates solely to the method of procedure for the enforcement of an existing obligation.

We are clear, however, that defendant's position is not tenable. The order of the board of county commissioners was not final in the sense in which a judgment is final; for, as has been pointed out, no one through it acquired any vested right. No question of contract was involved. No status had been established absolutely or permanently. It was competent for the legislature to provide new means of attack on the order, a fortiori, for an appeal from it. The proceedings had not been carried to such an extent as to exclude the operation of the statute. The time limited by appeal (section 1285) does not appear to have expired.

Reversed.

BROWN, J. (dissenting).

In my opinion the appeal was properly dismissed. While it is clear that a statute granting the right of appeal might properly be construed to apply to orders made in an action or proceeding which was pending and undetermined at the time of its passage, though

made in the due course of procedure prior thereto, it is equally clear that it cannot under the usual rules of statutory construction be given a retroactive effect, so as to make it applicable to actions or proceedings which were fully and finally determined and ended before its passage. Such is this case. A petition for a change in the boundaries of a certain school district was duly presented to the board of county commissioners for their action. Notice of hearing was given, a hearing had, and a final order made by the board ten days before the passage of the statute in question. By the order of the board the proceedings were ended, and in the absence of language in the statute indicating an intention on the part of the legislature that it should have a retroactive operation it should not be held to apply.

Again, the statute authorizing an appeal from an order of the character of that here before us, changing the boundaries of a school district, is an attempt to confer legislative power upon the court, and is unconstitutional and void. The matter of organizing and creating towns, villages, cities, and school districts is purely legislative, and cannot be conferred upon the courts.