## ST. LOUIS, B. & M. RY. CO. v. STAFFORD. (No. 8845.) *

(Court of Civil Appeals of Texas. Galveston. Oct. 28, 1926. Rehearing Denied Dec. 2, 1926.)

1. **Appeal and error** ⊜2—Appeal from order granting new trial will be dismissed, where taken before law authorizing such appeal was effective (Rev. St. 1911, art. 2078, amended by Acts 39th Leg. c. 18).

Appeal from order granting new trial, taken before Rev. St. 1911, art. 2078, amended by Acts 39th Leg. c. 18, became effective, will be dismissed; there being no indication that new statute was intended to be retroactive.

2. **Appeal and error** ⊜2—That appeal bond was filed after statute authorizing appeal from order for new trial was effective held not to authorize appeal (Rev. St. 1911, art. 2078, amended by Acts 39th Leg. c. 18).

That Acts 39th Leg. c. 18, amending Rev. St. 1911, art. 2078, and giving right of appeal from order granting new trial, was in effect at time appeal bond was filed, did not authorize appeal, since taking of appeal lay in giving of appeal notice, which was done before statute was effective.

3. **Appeal and error** ⊜396—Proper giving of appeal notice is necessary to jurisdiction of appellate court (Rev. St. 1911, art. 2084).

Proper giving of notice of appeal is necessary to jurisdiction of appellate court, under Rev. St. 1911, art. 2084, governing perfecting of appeal.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Joe Stafford against the St. Louis, Brownsville & Mexico Railway Company. After the judgment for defendant, plaintiff's motion for a new trial was granted, and defendant appeals. Appeal dismissed.

Andrews, Streetman, Logue & Mobley, and J. R. Andrews, all of Houston, for appellant.

K. C. Barkley, L. H. Kenner, and W. Owen Dailey, all of Houston, for appellee.

GRAVES, J. Stafford, the driver of an auto truck, that collided at a street-crossing in the city of Houston with one of its trains, sued the railway company in damages for his consequent personal injuries. Judgment went in the railway company's favor under a jury's verdict acquitting it of the negligence charged against it, and Stafford moved for a new trial; after evidence pro and con, the court entered its order granting the new trial on two specified grounds, and the railway company appeals from that action, invoking the act of the Thirty-Ninth Legislature, c. 18, p. 45, providing for appeals from orders granting new trials.

At the outset in this court, the appellee moves for a dismissal of the appeal upon the contention (1) that the act invoked was not in force and effect at the time the order granting the new trial was made; (2) that it is unconstitutional and void; (3) that no supporting assignment of error for the appeal appears in the transcript.

[1] The record discloses that the cause was tried and judgment therein rendered during March, 1925; that on May 29, 1925, after a hearing upon the matter in due course of procedure, the order granting the new trial was entered, appellant at that time giving notice of its appeal, and thereafter, on June 27, 1925, filing its appeal bond in the trial court.

The act, under which the appeal is sought to be prosecuted (House Bill No. 20, amending article 2078 of the Revised Statutes of 1911, Regular Session Laws, Thirty-Ninth Legislature, p. 45), was passed by the session of the Legislature that adjourned March 19, 1925, and went into effect on June 19, 1925.

It thus appears that the order granting the new trial was made, and that the notice of appeal therefrom was given 21 days before there was any law in force conferring any such right upon a litigant; there being no provision for appeals from such orders under former laws.

The first ground of the motion to dismiss must therefore be sustained, unless this new statute should be given such retroactive effect as to make it reach back and apply to

orders granting new trials antedating its becoming a law. This we conclude may not properly be done, under the pertinent rule of construction laid down by our Supreme Court. That rule, as we glean it from what is thought to be an analogous situation, is thus stated by that court in Baines v. Jemison et al., 86 Tex. 118, 23 S. W. 639, in reference to a statute enlarging the pre-existing area of venue in suits for damages in attachment cases, which it held did not apply to suits pending at its passage:

"Since the venue of a suit affects only the remedy, it is clear that it is in the power of the Legislature to amend the laws in relation to that matter, and to make the amendment applicable to causes of action that may have accrued before the passage of the act; and it may be that it would be competent to so change the law as to confer local jurisdiction of a suit already pending upon the court in which it was instituted, although such court did not have jurisdiction at the time the action was brought. But upon this question we need give no opinion. Admitting the power of the Legislature in such case, *its intention would have to be clear, before the courts would give the statute such a retroactive effect.*"

After quoting the terms of the act under review, it then adds:

"This clearly applies to suits to be brought after the act should take effect. *It contains no language indicating an intention that pending action should be embraced within its provisions.* * * * We think, therefore, that the act in question was intended to apply only to future actions, and that it did not affect the suit under consideration as originally brought." (The underscoring is our own.)

So far as our research has disclosed, no abrogation or modification of this doctrine has ensued in Texas. The act before us is of like purport, lacking the feature thus stressed in the Baines Case. There is nothing in it indicating any intention on the Legislature's part to make it reach back, after it should become a law under the operation of prescribed processes, and cover pre-existing cases in which new trials had already been granted. On the contrary, it merely contains the usual phraseology for amendatory statutes designed for prospective effect only.

Appellant contends for a different rule, to the effect "that legislation which affects procedure, or the remedy only, applies to actions which have accrued or are pending, or future actions, unless the statute itself contains words of exclusion," and that, had the statute here involved been intended for prospective effect only, some word indicative of that purpose, like "hereafter," would have been used in connection with the phrase "from every order granting a motion for new trial," citing the two Minnesota cases of Converse v. Burrows, 2 Minn. 229 (Gil. 191), and Oppegaard v. Commissioners, 110 Minn. 300, 125 N. W. 504, as well as the Texas case of Odum v. Garner, 86 Tex. 374, 25 S. W. 18, as so holding.

The Minnesota cases seem to support this construction, but we do not think the Odum Case does; rather it seems to us to clearly fall into a different class from the prior Baines Case, just reviewed, and not to be in conflict with it. That likewise seems to have been the view of our Supreme Court, which rendered both decisions less than three months apart at the same term; no reference being made in the latter to the former one.

The act construed in the Odum Case was held to apply to judgments rendered before it took effect, for the reason that the law itself, unlike that involved in the Baines Case, showed upon its face that the Legislature so intended, not only from the provision that it was not to take effect until four months after its passage, but also from the necessary presumption that it was meant to conform to the constitutional change in the judicial system of 1891. Had the court regarded that holding as in any way not in line with its preceding determination in the Baines Case, some reference would have been made to it.

[2, 3] It is true in this instance, as appellant in argument urges, that the statute was in force at the time the bond for appeal was filed and had so been for seven days, but the seasonable filing of this bond was not the initial necessary step toward securing the right of appeal, only the secondary one. The inception of the right, or the taking of the appeal, lay in giving the notice thereof, which had to be done at the time the adverse judgment was rendered, and at that time no law conferring any such right was in existence; the mere giving of the bond in the circumstances, if the antecedent notice had not been so given, would not have perfected the appeal, because it has always been held under our procedure that the proper giving of the notice of the appeal is necessary to the jurisdiction of the appellate court. R. S. art. 2084; San Antonio & A. P. R. Co. v. McDonald (Tex. Civ. App.) 31 S. W. 72; Lyell v. Guadaloupe County, 28 Tex. 58; Wesley v. Kuteman, 26 Tex. Civ. App. 365, 62 S. W. 1074; Goldman y. Broyles (Tex. Civ. App.) 141 S. W. 283; Beaumont v. Newsome (Tex. Civ. App.) 143 S. W. 941.

In deference to what is conceived to be the rule in Texas, the appeal will be dismissed. Dismissed.